IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:17-cv-2455-RLW |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## Motion for Preliminary Injunction

Come now Plaintiffs, pursuant to Federal Rule of Civil Procedure 65(a), and move this Court for entry of a preliminary injunction requiring Defendant to:

1. Ensure that all St. Louis Metropolitan Police Department (SLMPD) personnel respect the First Amendment rights of all persons, including:

    a. The right to observe and record officers in the public discharge of their duties in all traditionally public spaces, including sidewalks, parks, and locations of lawful public protests, as well as any other areas where individuals otherwise have a legal right to be present, including an individual's home or business and common areas of public and private facilities and buildings;

    b. The right to criticize or complain about police conduct both publicly and privately without being subject to retaliation; and

    c. The right to engage in lawful public protest.

2. Ensure that SLMPD policy and training makes clear what conduct is considered "obstruction" or "interference" with a law enforcement officer with specific examples, to ensure that SLMPD officers do not unreasonably claim that an individual's presence amounts to the

offense of obstructing or interfering with a law enforcement officer, or otherwise violates the law.

3.      Ensure that, where a person's location while observing, recording, or protesting is actually causing obstruction or interference with law enforcement, the officers recommend a less-intrusive location from which the bystander may continue to observe, record, and/or protest and give the individual a reasonable opportunity to comply prior to taking further enforcement action.

4.      Permit individuals to record officer activity by camera, video recorder, cell phone recorder, or any other means and not consider the use of a recording device during a police encounter itself to be a threat to officer safety or a basis to require a person to refrain from recording or to put away his or her recording device.

5.      Ensure that officers do not search, seize, or otherwise coerce production of recorded sounds, images, or videos without obtaining a warrant except that, where an officer has a reasonable belief that a bystander or witness has captured a recording of critical evidence related to a felony and the exigencies of the circumstances demand it, the officer may secure such evidence for no more than 12 hours while a search warrant is obtained.

6.      Ensure that property seized pursuant to the foregoing provision (paragraph 5) is not searched nor its contents reviewed without first obtaining a search warrant.

7.      Ensure that officers do not coerce individuals to consent to the search or seizure of their recording devices or recordings.

8.      Ensure that officers do not intentionally destroy cameras, other recording devices, sounds, images, or videos, and that they do not order an individual to destroy the same or otherwise cause such destruction.

9. Ensure that officers do not unlawfully interfere with individuals gathering in groups for public protests and demonstrations in a lawful manner and location.

10. Ensure that officers do not treat protestors differently based on the content or viewpoint of their speech or expression.

11. Ensure that all law enforcement officers employed by SLMPD during public demonstrations have received appropriate training, including de-escalation techniques, key concepts of the National Incident Management System command and management, including Incident Command Systems, multiagency coordination systems, and policing consistent with the First Amendment.

12. Ensure that officers do not take any action in retaliation for individuals lawfully exercising their right to witness, observe, record, comment on, or protest police activity. Police action includes detaining, searching, arresting, issuing a citation or threatening a citation, issuing a threat of arrest or use of force, or using force in response to non-criminal statements or other expressive conduct, when the officer would not have taken such action in the absence of the statements or expressive conduct.

13. Ensure that only the Police Commissioner or the Assistant Chief may declare an assembly to be unlawful. Orders to disperse may be issued, if at all, only following such a declaration in a manner that can reasonably be heard and only by a supervisor.

14. Ensure that an assembly is not declared unlawful in the absence of the use of force or violence by those assembled.

15. Ensure that any order to disperse notifies individuals of a means of safe egress from the area that is available to individuals and describing with specificity the area to which the

dispersal order applies and that it is not enforced with the use of force or arrest more than five minutes after it has been most recently announced.

16. Ensure that officers obtain supervisory approval, to be documented as soon as practicable, before issuing any citations or making arrests related to public protest activity, including violation of any state or local law, such as St. Louis Code of Ords. § 15.52.010 (unlawful assembly) and 17.16.275 (dispersal); Mo. Rev. Stat. § 574.060 (refusal to disperse); § 574.040 (unlawful assembly); or ad hoc police rule limiting the time, place, and manner of lawful public assembly, *see Abdullah v. Cty of St. Louis*, 52 F. Supp. 3d 936 (E.D. Mo. 2014) (issuing a preliminary injunction against the Missouri Highway Patrol and Saint Louis County with regard to the "keep-moving" policy).

17. Ensure that officers obtain supervisory approval, to be documented as soon as practicable, before taking any action set forth below. In each of these circumstances, if reasonably practical, a supervisor shall respond to the scene and assess the situation in person.

At a minimum, supervisors must be present to approve arrests and other actions prior to arrestees being transported to a holding facility, absent exigent circumstances to be documented as soon as practicable:

    a. Issuing any citation or making any arrest related to the use of a recording device;

    b. Issuing any citation or making any arrest of any member of the media, whether formally credentialed or not, including citizen-journalists and live-streamers;

    c. Performing any warrantless seizure of a recording device or recording; and

        d.        Taking any other significant action involving recording devices or recordings.

18.        Ensure that officers justify each separate application of chemical agents.[1]

19.        Ensure that officers will issue a verbal warning to the subject, fellow officers, and other individuals present prior to using any chemical agent and that officers will wait a reasonable amount of time after providing the warning to allow the subject to comply with the warning.

20.        Ensure that officers will not use chemical agents against individuals or groups who merely fail to disperse.

21.        Take no action to seek or participate in the prosecution of any individual suspected of participating in an unlawful assembly or refusing to disperse without prior leave of this Court.

22.        Such other or further relief as is appropriate.

Entry of a preliminary injunction is appropriate in this case because Plaintiffs are likely to succeed on the merits, there is ongoing irreparable harm to Plaintiffs and other parties not before this Court, the ongoing harm to Plaintiffs absent an injunction outweighs any harm an injunction would cause to Defendant, and the issuance of an injunction is in the public interest.

Bond should be set at $100.00.

---

[1] "Chemical agents" refers to tear gas, skunk, inert smoke, pepper gas, pepper pellets, xylyl bromide, and/or similar substances.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827
Jessie Steffan, #64861
American Civil Liberties Union of Missouri
Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
(314) 652-3112 (facsimile)
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
American Civil Liberties Union of Missouri
Foundation
(816) 470-9938
gwilcox@aclu-mo.org
*Attorneys for Plaintiffs*

<u>Certificate of Service</u>

A copy of the foregoing was delivered by hand to the City Counselor for the City of St. Louis on September 28, 2017.

/s/ Anthony E. Rothert