IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:17-cv-2455-RLW |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Certification of a Plaintiff Class consisting of persons who will observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum is appropriate in this case because movants satisfy the requirements of Federal Rule of Civil Procedure Rule 23(a) and (b)(2).

**I.     Argument**

The governing standards for class certification are well established. A motion for class certification involves a two-part analysis. First, the movants must demonstrate that the proposed class satisfies the requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, the movants must demonstrate that the proposed class fits into one of the three categories identified in Rule 23(b). Thus, the action must either (1) create a risk of establishing incompatible standards of conduct through inconsistent adjudications or substantially impair the interests of individuals not party to the litigation, Rule 23(b)(1); or (2) involve a party opposing the class who acted on grounds that apply generally to the class, Rule 23(b)(2); or (3) involve a court finding both that questions of law or fact common to class members predominate over individual questions and that a class action is "superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### A. The Proposed Class Satisfies All Rule 23(a) Requirements

Rule 23(a) of the Federal Rules of Civil Procedure establishes four criteria that must be satisfied in order for any case to be appropriately deemed a class action:

> (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses "are typical ... of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). All four requirements are met here.

#### 1. Numerosity

Rule 23(a)(1) requires the proposed class to be "so numerous that joinder of all members is impracticable." Rule 23(a)(1) sets a "low threshold for numerosity," *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) ("[i]mpracticable does not mean impossible"). In addition, "[i]n order to meet [the numerosity] requirement it is not necessary to specify an exact number or to prove the identity of each class member, rather 'the plaintiffs must only show a reasonable estimate of the number of class members.'" *Halbach v. Great-West Life & Annuity Ins. Co.*, 2007 WL 1018658, at *3 (E.D.

Mo. Apr. 2, 2007) (quoting *Morgan v. United Parcel Serv. of Am.,* 169 F.R.D. 349, 355 (E.D. Mo. 1996)). Moreover, courts are "permitted to make common sense assumptions in order to fund support for numerosity." *Phipps v. Sheriff of Cook Cty.*, 249 F.R.D. 298, 300 (N.D. Ill. 2008) (citing *Block v. Abbott Labs.*, 2002 WL 485364, at *3 (N.D. Ill. Mar. 29, 2002)).

The requirement of numerosity is satisfied here because the proposed class of people who will in the future observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum, is numerous. The declarations and authenticated videos submitted to the Court as part of Plaintiffs' preliminary injunction briefing, standing alone, show that hundreds of people have protested—and observed and recorded protests—in public fora in St. Louis just over the past month. (*See, e.g.*, Exs. L and O, ECF Nos. 11-12 and 11-15.) This Court is permitted to make a common-sense assumption that there will be similar protests in the future. (*See The Latest: Group displays 'Stop Killing Us' banner at game*, ASSOCIATED PRESS for the ST. LOUIS POST-DISP., Sept. 30, 2017, http://www.stltoday.com/news/state-and-regional/the-latest-aldermen-consider-resolution-praising-police/article_beb71a75-dccf-5299-8da5-6c7b9bf4a5c0.html and attached hereto as Ex. 1, reporting that "[o]rganizers of protests that have disrupted St. Louis since a police officer was acquitted in a fatal shooting say their demonstrations are nowhere close to ending. During a peaceful protest Friday in downtown St. Louis, state Rep. Bruce Franks Jr. said the civil unrest could continue for months").

Joinder of all these future protestors and observers is impracticable. "Even a small class of fewer than 10 actual members may be upheld if an indeterminate number of individuals are likely to become class members in the future or if the identity or location of many class members is unknown for good cause." 1 H. Newberg & A. Conte, NEWBERG ON CLASS ACTIONS § 3:5 (4th ed. 2002). This is because numbers alone are not determinative of the numerosity requirement.

"In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559-60 (8th Cir. 1982).

Thus, for instance, "numerosity is met where, as here, the class includes individuals who will become members in the future. As members *in futuro,* they are necessarily unidentifiable, and therefore joinder is clearly impracticable." *Skinner v. Uphoff*, 209 F.R.D. 484, 488 (D. Wyo. 2002) (finding numerosity satisfied). The Fifth Circuit has addressed this issue squarely:

> The problem before the district court, and now before us, is not simply to say whether 33 class members are enough or too few to satisfy Rule 23(a)(1). Ample case law can be cited to show that smaller classes have been certified and larger ones denied certification for lack of numerosity [citation omitted]. Such number comparisons miss the point of the Rule. The proper focus is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors. Here, neither party can even count how many black applicants there are, let alone identify all of them. Moreover, ***the alleged class includes future and deterred applicants, necessarily unidentifiable***. In such a case the requirement of Rule 23(a)(1) is clearly met, for "joinder of unknown individuals is certainly impracticable."

*Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1022 (5th Cir. 1981) (emphasis added). *See also Shariff v. Goord*, 235 F.R.D. 563, 570 (W.D.N.Y. 2006) (relying in part on future inmate class members); *Twarog v. Allen*, 2007 WL 2228635, at *5 (M.D. Ala. July 31, 2007) (same); *Lawson v. Wainwright*, 108 F.R.D. 450, 454 (S.D. Fla. 1986) (same). Here, the proposed Class includes those individuals who will be protesting, observing, or recording a protest in a public forum in the City of St. Louis in the future.

Further, it is impossible to know the identity of the future Class members now, making class certification appropriate. *See Lane v. Lombardi*, 2:12-CV-4219-NKL, 2012 WL 5462932,

at *2 (W.D. Mo. Nov. 8, 2012) ("Joinder of all members may be impracticable where the class includes individuals who may become members in the future, but are currently unidentifiable."). Because the putative Class includes unknown individuals who will participate in or observe protests in the future, "the requirement of Rule 23(a)(1) is clearly met, for joinder of unknown individuals is clearly impracticable." *Phillips*, 637 F.2d at 1022 (internal quotation marks omitted); *see also Barrett v. Claycomb*, 11-CV-04242-NKL, 2011 WL 5822382, at *2 (W.D. Mo. Nov. 15, 2011) ("because of the fluid nature of this class . . . , it would be impracticable to require individual lawsuits").

Plaintiffs also satisfy the condition of numerosity because requiring each member of the putative Class to file his or her own suit would be a waste of judicial resources. This is particularly true where, as here, "[i]t is clear that joining each of the putative plaintiffs individually and trying separate suits for each would be wasteful, duplicative, and time consuming. And, if each of the Plaintiff's claims were tried individually, much of the evidence and many of the witnesses would be the same in each case, constituting a waste of judicial resources." *Van Orden v. Meyers*, 4:09CV00971 AGF, 2011 WL 4600688, at *6 (E.D. Mo. Sept. 30, 2011).

Finally, in the context of Rule 23(b)(2) civil rights cases, "courts have suggested that the numerosity requirement should not be employed in a mechanical manner to preclude the use of the class action device in precisely the kind of situation for which it is most appropriate." *Gurmankin v. Costanzo*, 626 F.2d 1132, 1135 (3d Cir. 1980); *see also Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975) (giving liberal construction to numerosity requirement in civil rights suits seeking injunctive relief on behalf of future class members).

### 2. Commonality

The requirement of commonality is satisfied because Plaintiffs' claims for prospective relief present common questions of law and fact regarding the City's customs and policies related to public protests: namely, the deployment of chemical munitions and the arbitrary enforcement of "unlawful assembly" and "failure to disperse" laws in order to disrupt nonviolent protests; retaliate against protestors and observers; and infringe the speech, assembly, and due process rights of police-accountability protestors and persons accompanying them in order to observe and record police activity in public places.

Rule 23(a)(2) requires "questions of law or fact common to the class." Like the requirement of numerosity, the requirement of commonality has a "low threshold." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182-83 (3d Cir. 2001). *See also Ebert v. General Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016) ("a single common question 'will do' for purposes of Rule 23(a)(2)"); *Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993). "This requirement imposes a light burden on the plaintiff seeking class certification and does not require commonality on every single question raised in a class action." *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 207 (W.D. Mo. 2006) (citing *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995)). *See also Paxton*, 688 F.2d at 561 ("The rule does not require that every question of law or fact be common to every member of the class.").

The commonality requirement "does not mean that the claims of the representatives must raise identical questions of law and fact with those raised by the claims of the rest of the class. Rule 23(a)([2]) clearly indicates that one common question of law or fact can be sufficient if the other pre-requisites are satisfied." *U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978); *accord Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994) ("Because the requirement may

be satisfied by a single common issue, it is easily met, as at least one treatise has noted.") (citing H. NEWBERG & A. CONTE, 1 *Newberg on Class Actions* § 3.10, at 3-50 (3d ed. 1992)). "A broad based allegation of civil rights violations typically presents common questions of law and fact." *Pabon v. McIntosh*, 546 F. Supp. 1328, 1333 (E.D. Pa. 1982).

In this case, there are questions of law and fact that are common to the Proposed Class, including, but not limited to:

- the factual question of whether the City of St. Louis maintains a policy or custom of deploying chemical munitions at public protests without any warning or without constitutionally sufficient warning

- the factual question of whether the City of St. Louis maintains a policy or custom of retaliating against people who record police activity by deploying chemical munitions against them

- the factual question of whether the City of St. Louis maintains a policy or custom of enforcing the "unlawful assembly" and "failure to disperse" ordinances in an arbitrary way that fails to provide a person of reasonable intelligence an understanding of when they are in violation of those ordinances

- the legal question of whether the "unlawful assembly" and "failure to disperse" ordinances are constitutional on its face and as applied to the putative Class

- the mixed factual and legal question of whether officers of the City of St. Louis may, pursuant to City policy or custom, constitutionally deploy chemical munitions against protestors and observers who do not pose any threat to the safety of any person

In any event, the relief sought is exactly the same for all Class members: an injunction to address the constitutional infirmities in the City's policies and customs vis-à-vis public protests.

### 3. Typicality

The Named Plaintiffs' claims are also typical of other members of the Proposed Class. "Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). Thus, "[t]he burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Like the numerosity and commonality requirements, Rule 23(a)(3)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" is a "low threshold" requirement. *Newton*, 259 F.3d at 182-83; *Shipes*, 987 F.2d at 316; *Paxton,* 688 F.2d at 562 ("The burden of showing typicality is not an onerous one"). The typicality requirement is satisfied if the class representatives' claims "arise[ ] from the same event or course of conduct as the class claims, and give[ ] rise to the same legal or remedial theory." *Alpern*, 84 F.3d at 1540; *see also Paxton*, 688 F.2d at 561-62.

Plaintiffs' claims for prospective relief are based on the same policies and customs of the City of St. Louis as the claims of Class members generally. The named Plaintiffs experienced the same harms and constitutional infringements as the Class members. (*See* Exs. B, C, N, U, and V to Mem. in Support of Mot. for Prelim. Inj., ECF Nos. 11-2, 11-3, 11-14, 11-20, and 11-21, describing deployment of chemical munitions without adequate warning, retaliatory acts for recording and observing the police, and the arbitrary enforcement of a constitutionally insufficient dispersal order.) Accordingly, the typicality requirement of Rule 23(a) is satisfied.

### 4. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "This requirement encompasses two distinct factors: '(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.'" *Chorosevic v. MetLife Choices*, No. 4:05-CV-2394 CAS, 2007 WL 2159475, at *7 (E.D. Mo. July 26, 2007) (quoting *U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978)); *Paxton*, 688 F.2d at 562–63 ("The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.").

Plaintiffs are represented by qualified and experienced counsel in the present case. In the absence of proof to the contrary, courts presume that Class counsel is competent and sufficiently experienced to vigorously prosecute the class action. *See Morgan v. United Parcel Serv. of America, Inc.*, 169 F.R.D. 349, 357 (E.D. Mo. 1996). Moreover, one of Plaintiffs' attorneys, Anthony E. Rothert, has significant experience as class counsel in civil rights cases seeking prospective relief. *See, e.g.*, *Postawko v. Missouri Dep't of Corr.*, No. 2:16-CV-04219-NKL, 2017 WL 3185155, at *1 (W.D. Mo. July 26, 2017); *Kennard v. Kleindienst*, No. 2:14-CV-04017 BCW, 2015 WL 4076473, at *1 (W.D. Mo. June 5, 2015); *Lane v. Lombardi*, 2:12-CV-4219 NKL, 2012 WL 5462932 (W.D. Mo. Nov. 8, 2012); *Barrett v. Claycomb*, 11-CV-04242 NKL, 2011 WL 5822382 (W.D. Mo. Nov. 15, 2011); *Bauer v. Jefferson Cty.*, 4:09-CV-2116 TIA (E.D. Mo. Oct. 5, 2011); *Van Orden v. Meyers*, 4:09-CV-00971 AGF, 2011 WL 4600688 (E.D. Mo. Sept. 30, 2011). Plaintiffs' interests are not only *not* antagonistic to those of the Class, but also

completely aligned, so they will continue to prosecute vigorously the interests of the Class through qualified counsel.

### B. The Proposed Class Satisfies All Rule 23(b) Requirements

The requirements of Rule 23(b)(2) are satisfied.

"A class action may be maintained if Rule 23(a) is satisfied and if . . . (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) was promulgated . . . essentially as a tool for facilitating civil rights actions." 5 MOORE'S FEDERAL PRACTICE § 23.43(1)(a), at 23–191.

"Because one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights, the rule 'must be read liberally in the context of civil rights suits.'" *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (quoting *Ahrens v. Thomas*, 570 F.2d 286, 288 (8th Cir. 1978)). "This principle of construction limits the district court's discretion." *Id*. Thus, "[c]ourts should guard against the temptation to assume that the certification of a [Rule] 23(b)(2) class action is purely discretionary." *Id*. (quoting 3B J. Moore & J. Kennedy, MOORE'S FEDERAL PRACTICE ¶ 23.40(3) (1980)).

The City of St. Louis has implemented—and continues to follow—unconstitutional customs and policies vis-à-vis protests related to police conduct. These customs and policies will continue to be applied to individuals you future observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum. The putative class seeks only prospective relief. Thus, if they are successful, "a single injunction or declaratory judgment would provide relief to each member of the class." *Ebert*, 823 F.3d at 480 (quoting *Dukes*, 131 S. Ct. at 2557); *see also Barrett v. Claycomb*, 11-CV-04242, ECF No. 94, at *8 (W.D. Mo. Nov.

15, 2011) (certifying (b)(2) class where state actor had instituted policy that affected the Fourth Amendment right of each proposed class member "in the exact same way" and commenting that even the exemptions and appeals from that policy affected putative class members generally), *aff'd by Kittle-Aikeley v. Strong*, 844 F.3d 727 (8th Cir. 2016) (en banc) (certification not challenged on appeal).

All individuals who currently (or in the future will) observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum face the arbitrary violation of their constitutional rights at the hands of SLMPD. Because SLMPD customs and policies are to act arbitrarily, they continue to act on grounds that apply to the entire proposed class and finial injunctive or corresponding declaratory relief is appropriate for the Plaintiff Class as a whole.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully requests that this Court certify a Plaintiff Class of all those individuals who will observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum; appoint Plaintiffs as class representatives; and appoint Gillian R. Wilcox, Jessie Steffan, and Anthony E. Rothert as class counsel.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827
Jessie Steffan, #64861
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: (314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org

        GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
406 W 34th Street
Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically and served by operation of the CM/ECF system on all counsel of record on October 5, 2017.

/s/ Anthony E. Rothert