IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| Plaintiffs, | ) ) ) ) Case No. 4:17-CV-2455-RLW |
| v. | ) ) |
| CITY OF ST. LOUIS, | ) ) |
| Defendant. | ) ) |

**DEFENDANT CITY OF ST. LOUIS'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant City of St. Louis hereby submits the following proposed findings of fact and conclusions of law:

**I.      Findings of Fact**

1.      On the afternoon of September 15, 2017, at the location of Tucker and Clark, protesters blocked buses carrying police officers. Protesters threw rocks and bottles at the buses and the police officers. When ordered by police to disperse, protesters refused.

2.      On the afternoon of September 15, 2017, at the approximate location of Tucker and Market, protesters vandalized a police vehicle, threw rocks and bottles at police officers, and refused orders to disperse.

3.      During the evening of September 15, 2017, in the Central West End, protesters threw rocks and other projectiles at the house belonging to the Mayor of the City of St. Louis. There were hundreds of protesters at the location and they were

assaulting the police officers at that location. Warnings were given to the protesters to disperse, which they failed to do.

      4.      On the evening of September 17, 2017, in downtown St. Louis, protesters caused extensive property damage to businesses, especially on Olive Street. Protesters were also assaulting police officers. After multiple warnings to disperse, multiple arrests were made during which protesters actively resisted arrest.

      5.      Each of the above incidents involved multiple protesters being arrested. At times, individual officers made use of their individual cans of mace as a tactic to protect themselves from assault. The protesters outnumbered the police officers at the locations. Further, weapons were found on protesters, including guns, rocks, and mace.

## II.    Conclusions of Law

      1.      The St. Louis Metropolitan Police Department's (the "PD") policy on the use of force, as reflected by Special Order 1-01, is lawful.

      2.      The customs and practices of the PD relating to its use of force are the same as the PD's official policy, and thus, Plaintiffs are unlikely to succeed on their claims that the PD has a custom or practice of violating its use of force policy by applying excessive force toward protesters as alleged.

      3.      To the extent there has been evidence or allegations that individual officers of the PD departed from the PD's official policies regarding the use of force, such evidence is either not credible, or alternatively, is insufficient to show a widespread and persistent pattern of unconstitutional misconduct to which the City of St. Louis was deliberately indifferent or which it tacitly authorized.

4.      The PD's policy on the use of chemical munitions to disperse crowds, as reflected by Section XIII to Special Order 1-01, is lawful.

5.      The customs and practices of the PD relating to the use of chemical munitions to disperse crowds are the same as the PD's official policy, and therefore, Plaintiffs are unlikely to succeed on their claims that the PD has a custom or practice of violating persons' rights when deploying chemical munitions.

6.      To the extent there has been evidence or allegations that individual officers of the PD departed from the PD's official policies regarding the use of chemical munitions to disperse crowds, such evidence is either not credible, or alternatively, is insufficient to show a widespread and persistent pattern of unconstitutional misconduct to which the City of St. Louis was deliberately indifferent or which it tacitly authorized.

7.      The PD's policy regarding persons recording police activity, as reflected by Special Order 1-06, is lawful.

8.      The customs and practices of the PD regarding persons recording police activity are the same as the PD's official policy, and therefore, Plaintiffs are unlikely to succeed on their claims that the PD has a custom or practice of violating persons' rights when they are recording police activity.

9.      To the extent there has been evidence or allegations that individual officers of the PD departed from the PD's official policies regarding the treatment of persons recording police activity, such evidence is either not credible, or alternatively, is insufficient to show a widespread and persistent pattern of unconstitutional misconduct to which the City of St. Louis was deliberately indifferent or which it tacitly authorized.

10. The PD has no constitutional or other legal obligation to wait for violence or force to be used by a crowd of persons before its officers may declare an assembly to be unlawful.

11. The PD does not have an unconstitutional policy or practice of declaring assemblies to be unlawful when they are not, in fact, unlawful.

12. Even if there was a constitutional or other legal obligation for the PD to wait for assembled crowds to use force or violence before an assembly could be declared unlawful, there is insufficient evidence to suggest the PD has a widespread pattern or practice of ordering peaceful crowds to disperse. To the contrary, the evidence shows that the PD's general practice is to order groups to disperse only after force or violence has been used by the group.

13. Plaintiffs lack standing to assert a claim for injunctive relief because any harm they may suffer is theoretical and speculative.

14. An injunction is not appropriate because Plaintiffs are not likely to succeed on the merits of their claims.

15. An injunction is not appropriate because Plaintiffs cannot show they will be irreparably harmed in the absence of prospective equitable relief.

16. An injunction is not appropriate because the balance of harms does not favor Plaintiffs, and in fact, favors Defendant because an injunction would needlessly hamstring the PD from responding as necessary to quell civil disturbances that may involve mass violations of the law, including violent behavior.

17. An injunction would not be in the public interest.

        Respectfully submitted,

        JULIAN BUSH,
        City Counselor

          /s/ Thomas R. McDonnell
        Thomas R. McDonnell, #38336MO
        H. Anthony Relys, #63190MO
        Assistant City Counselor
        City Hall
        1200 Market Street, Room 314
        St. Louis, MO  63103
        Tel: (314) 622-3361
        Fax: (314) 622.4956
        McDonnellT@stlouis-mo.gov
        RelysT@stlouis-mo.gov

        *Attorneys for Defendant City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, the foregoing **Defendant City of St. Louis's Proposed Findings of Fact and Conclusions of Law** was served via the Court's electronic filing system upon all counsel of record.

          /s/ Thomas R. McDonnell