# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:17-CV-2455-CDP |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant City of St. Louis ("Defendant"), by and through its undersigned counsel, answers the allegations of First Amended Complaint for Prospective Relief (Doc. 9) as follows:

## PARTIES

1. Defendant admits Plaintiffs purports to allege civil rights claims in this case against Defendant. Defendant specifically denies it is liable for the claims alleged against it by Plaintiffs. Defendant denies the remaining allegations of this paragraph.

2. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

3. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

4. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

5. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

6. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

7. Defendant admits that it is a constitutional charter city organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant denies the remaining allegations this paragraph.

## JURISDICTION AND VENUE

8. Defendant admits Plaintiffs purport to bring claims against it pursuant to 42 U.S.C. § 1983 under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendant specifically denies it is liable under 42 U.S.C. § 1983 as alleged by Plaintiffs. Defendant denies the remaining allegations of this paragraph.

9. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

10. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

11. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

## FACTS

12. Defendant admits that Jason Stockley shot and killed Anthony Lamar Smith in December 2011. Defendant lacks sufficient knowledge or information upon which to form a belief as to the remaining allegations of this paragraph, and therefore, denies them on that basis.

13. Admitted.

14. Admitted.

15. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

16. Defendant admits that public protests occurred on September 15, 2017, at multiple locations in St. Louis. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore, denies them on that basis.

17. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

18. Defendant admits that St. Louis Metropolitan Police officers have been present at several protests wearing tactical dress, including helmets, batons, shields, and chemical agents. Defendant denies the remaining allegations of this paragraph.

19. Denied.

20. Denied.

21. Defendant admits that prior to arresting persons at the intersection of Tucker Boulevard and Washington Avenue on the evening of Sunday, September 17, 2017, they had previously ordered the persons gathered there to disperse. Defendant specifically denies that the final order to disperse was given forty-five minutes before persons were arrested. Defendant denies the remaining allegations of this paragraph.

22. Denied.

23. Defendant admits that police officers surrounded the persons who refused to disperse from the area in the intersection of Tucker Boulevard and Washington Avenue and prevented the surrounded persons from leaving. Defendant denies the remaining allegations of this paragraph.

24. Denied.

25. Defendant admits that some persons surrounded by police on the evening of Sunday, September 17, 2017, were wearing goggles. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore, denies them on that basis.

26. Denied.

27. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

28.     The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragaph.

29.     Denied.

30.     Defendant admits that some persons under arrest were ordered to cease recording video or taking photographs. Defendant denies the remaining allegations of this paragraph.

31.     Denied.

## MUNICIPAL ALLEGATIONS

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## CLASS ALLEGATIONS

40.     Defendant admits that Plaintiffs purport to bring this action for prospective relief as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Defendant specifically denies that Plaintiffs' purported class should be certified as such. Defendant denies the remaining allegations of this paragraph.

41.     Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I

47. Defendant incorporates by reference its foregoing answers and responses to Plaintiffs' allegations as though fully set forth herein.

48. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

49. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

50. Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies them on that basis.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

WHEREFORE, having fully answered Count I of Plaintiff's First Amended Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against City in Count I with prejudice, award City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## COUNT II

56. Defendant incorporates by reference its foregoing answers and responses to Plaintiffs' allegations as though fully set forth herein.

57. The allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

WHEREFORE, having fully answered Count II of Plaintiff's First Amended Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against City in Count II with prejudice, award City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

63. Defendant incorporates by reference its foregoing answers and responses to Plaintiffs' allegations as though fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

WHEREFORE, having fully answered Count III of Plaintiff's First Amended Complaint, Defendant City of St. Louis requests that this Court dismiss the claims asserted against City in Count III with prejudice, award City its costs and attorney's fees, and order such other relief as this Court deems fair and appropriate.

## JURY DEMAND

Defendant demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant affirmatively states as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs are estopped from bringing this suit by their own actions or inactions, including but not limited to, Plaintiffs' failure to bring claims at their first opportunity.

3. Plaintiffs' claims are barred by all applicable statutes of limitations or repose.

4. Plaintiffs voluntarily assumed or exposed themselves to a risk which they knew or, in the exercise of ordinary care, should have known existed.

5. The rights alleged by Plaintiffs to have been violated by Defendant were not clearly established at the time.

6. Defendant has immunity from Plaintiffs' claims.

Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. City

8

specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

        Respectfully submitted,

        JULIAN BUSH,
        City Counselor

        /s/ H. Anthony Relys
        Thomas R. McDonnell, #38336MO
        H. Anthony Relys, #63190MO
        St. Louis City Counselor's Office
        City Hall
        1200 Market Street, Room 314
        St. Louis, MO  63103
        Tel: (314) 622-3361
        Fax: (314) 622.4956
        McDonnellT@stlouis-mo.gov
        RelysT@stlouis-mo.gov

        *Attorneys for Defendant City of St. Louis*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2017, the foregoing **Answer** was served via the Court's electronic filing system upon all counsel of record.

        /s/ H. Anthony Relys
        H. Anthony Relys
        Assistant City Counselor