**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MALEEHA S. AHMAD, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Cause No.:    4:17-cv-2455-CDP |
| ) | |
| CITY OF SAINT LOUIS, MISSOURI,    ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant.    ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE**

In support of his Motion to Consolidate (ECF No. 83), Movant Michael Faulk states as follows:

**INTRODUCTION**

Movant Michael Faulk's civil rights action arose on the evening of September 17, 2017 when Plaintiff Faulk was working as a reporter for the St. Louis Post-Dispatch. Mr. Faulk was on a sidewalk near the intersection of Washington Avenue and Tucker Boulevard reporting on a protest when dozens of officers of the St. Louis Metropolitan Police Department ("SLMPD") surrounded Mr. Faulk and others near the intersection (a procedure called "kettling").  Without issuing a dispersal order, SLMPD officers seized each member of the group, used chemical agents upon Mr. Faulk and others, assaulted Mr. Faulk and others, and arrested Mr. Faulk and brought him to the City jail, where he was detained for more than twelve hours.

Movant seeks to consolidate his suit, *Faulk v. City of St. Louis et al.*, 4:18-cv-308-JCH, with the above-captioned matter, *Ahmad et al. v. City of St. Louis*, 4:17-cv-2455-CDP, both of which concern the exact same underlying incident.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. *See*, *e.g., In re Reed,* No. 4:16-cv-633 RLW, 2017 U.S. Dist. LEXIS 171, at *22 (E.D. Mo. Jan. 3, 2017). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). "The 'court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . ..'" *Coventry Health Care of Neb., Inc. v. Neb. Dep't of Admin. Servs*., No. 4:16-cv-3094, 2016 U.S. Dist. LEXIS 97338, at *5 (D. Neb. July 26, 2016), quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994). District courts generally take a favorable view of consolidation. *Id.* Furthermore, actions involving the same parties are apt candidates for consolidation. *Id.*

District Courts in the Eighth Circuit frequently find that consolidation is appropriate when the consolidated suits concern the same defendant and contain similar questions of law and fact. *See Coventry Health Care of Neb., Inc.*, 2016 U.S. Dist. LEXIS 97338, at *5 ("[T]he court is convinced these actions involve nearly all of the same defendants and the same issues. Additionally, the cases involve common, although not identical, questions of law and fact."); *Carnal v. City of Cuba*, No. 4:15-cv-1816 CDP, 2016 U.S. Dist. LEXIS 14099, at *2 (E.D. Mo. Feb. 5, 2016) (Granting motion for consolidation in series of suits against municipality and defendant police department where all four actions involve common questions of law and fact.)

# ARGUMENT

Because the issues in *Faulk* and *Ahmad* concern the exact same incident, consolidation is appropriate. The two cases share many issues of fact and law surrounding the actions of SLMPD officers on the night of September 17, 2017.

Both suits share common issues of fact concerning the incidents that occurred **before** the kettling.  Among those issues are the following:

- How SLMPD officers were trained to observe protests;
- What officers were on duty that evening, and what instructions they had been given prior to leaving for patrol;
- Where officers were deployed around the downtown St. Louis area in the early-evening hours;
- When and at what locations were prior dispersal orders given by SLMPD officers, and by whom they were ordered;
- What events had been witnessed by SLMPD officers causing them to issue previous dispersal orders;
- What training SLMPD officers had received concerning use of force, use of chemical agents, and treatment of protestors;
- What orders were given by SLMPD supervisors Matthew Karnowski, Timothy Sachs, and Brian Rossomanno to initiate the assembly of SLMPD officers near Washington and Tucker as the night
- What events or incidents necessitated such an assembly by SLMPD officers;
- Whether the decision to kettle was based on a regular practice and procedure of the SLMPD;
- Whether previous to the kettling, SLMPD officers had attempted to prevent protestors or other observers from taking video or photographs of police activities; and
- If the practice of kettling was a common procedure within the SLMPD, what training had officers received regarding executing this maneuver;

There is also likely to be significantly overlapping discovery in the suits, with documents and media from the above topics likely to be produced by the City of St. Louis, the named defendant in both suits.

Additionally, both suits share common issues of fact concerning the incidents that occurred **during** the kettling and arrest of protestors, journalists, and observers.  Among these

issues are the following:

- Who were the SLMPD official or officials ordered the convergence of SLMPD officers to arrest every protestor, journalist, and observer at or near the convergence of Tucker Boulevard and Washington Avenue;
- What were the contents and manner or dispersal orders given before the kettling;
- Where and when dispersal orders were given to the assembled group at the intersection and to what extent such orders were understood by those assembled;
- What force was used by SLMPD officers as they met the group, (as well as what, if any, physical resistance was encountered by SLMPD officers);
- What chemical agents were used by SLMPD officers against those arrested;
- Whether dispersal orders were given prior to the use of chemical agents;
- What officers were on duty that evening, and what instructions they had been given prior to leaving for patrol; and
- What probable cause was found to initiate the arrest of the dozens of arrestees;

Lastly, discovery related to the kettling and arrests is likely to overlap significantly, including arrest reports of the SLMPD, testimony of those who were kettled, and video, audio, and photographic evidence of the events surrounding the kettling.

Finally, both suits share many common issues of fact surrounding the events that occurred **after** the arrest of the journalists, protestors, and observers. Among these issues are the following:

- On what charges the group was arrested;
- What statements were made by SLMPD arresting officers or City Justice Center employees that could attest to the motives behind the arrests and allegedly unconstitutional practices;
- How long arrestees were held in the City Justice Center after their arrests;
- Under what conditions the arrestees were held in the City Justice Center;
- Whether charges were later brought against the journalists, protestors, and observers;
- If charges were not brought, why such charges were not brought;
- Whether an internal investigation took place within SLMPD regarding potentially unconstitutional police tactics before, during, and after the kettling, as well as what the results of such an investigation were;
- Whether an investigation by the FBI occurred into the allegedly unconstitutional treatment of arrestees and what resulted from the investigations; and
- What testimony was adduced by SLMPD officials and arrestees after three days of testimony in the preliminary injunction held in this Court on October

18, 19, and 23, 2017.

Further, there are many **issues of law** that the two cases share in common. Among these questions are:

- Whether SLMPD officers had probable cause to seize and arrest the plaintiffs;
- How St. Louis Code of Ords. 15.52.010 and 17.16.275, authorizing officers to declare protests unlawful assemblies, applies to the case;
- Whether qualified immunity applies to those seizures;
- Whether the force used against plaintiffs in the kettle was excessive;
- Whether qualified immunity applies to officers who are accused of using excessive force;
- Whether dispersal orders are constitutionally required before the use of kettling;
- Whether dispersal orders are constitutionally required before the deployment of chemical agents;
- Whether officers are entitled to qualified immunity based on their use of chemical agents;
- Whether multiple officers of the SLMPD conspired to unconstitutionally arrest the arrestees;
- Whether First Amendment protections apply to arrestees; and
- Whether officers are entitled to qualified immunity on those First Amendment issues.

Here, much like the consolidated cases in *Carnal v. City of Cuba*, consolidation is warranted "[i]n light of the significant overlap of questions of law and fact among these cases . . .." 2016 U.S. Dist. LEXIS 14099, at *3. Such a consolidation would streamline the discovery process and likely lead to a quicker resolution of both causes.

## CONCLUSION

For all of the above-stated reasons, Movant Michael Faulk requests that this honorable Court grant his Motion to Consolidate *Faulk v. City of St. Louis et al.*, 4:18-cv-308-JCH with the above-captioned matter *Ahmad et al. v. City of St. Louis*, 4:17-cv-2455-CDP

Dated: June 13, 2018                                    Respectfully submitted,

By: s/ David C. Nelson
David C. Nelson  (MBE #46540MO)
Nelson and Nelson
420 N. High St.
Belleville, IL 62220
618-277-4000
314-925-1307 (fax)
dnelson@nelsonlawpc.com

*and*

**ArchCity Defenders, Inc.**

By:/s/ John M. Waldron
Blake A. Strode  (MBE #68422MO)
Michael John Voss (MBE #61742MO)
Nathaniel R. Carroll (MBE #67988MO)
John M. Waldron (MBE #70401MO)
1210 Locust Street, 2nd Floor
Saint Louis, MO 63103
855-724-2489 ext. 1021
314-925-1307 (fax)
bstrode@archcitydefenders.org
mjvoss@archcitydefenders.org
ncarroll@archcitydefenders.org
jwaldron@archcitydefenders.org
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that notice of filing and a true and correct copy of the foregoing was served on all counsel and parties of record via this Court's ECF/PACER notification system upon filing on this 13th day of June, 2018.

/s/ *John M. Waldron*