IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, | ) |
| | ) |
| W. PATRICK MOBLEY, | ) |
| | ) |
| and | ) |
| | ) |
| BRIAN BAUDE, | ) |
| | ) |
| *on behalf of themselves and a class of similarly situated individuals*, | ) No. 4:17-cv-2455-CDP |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT FOR PROSPECTIVE RELIEF

Plaintiffs allege as follows:

## INTRODUCTION

1. Plaintiffs bring this civil-rights class action against the City of St. Louis, Missouri for retaliating against persons engaging in First Amendment-protected activity; for interfering with the right to record police officers in public places; for unreasonably seizing them and applying excessive force; and for violating procedural due process rights by kettling and gassing and spraying them with chemical agents designed to cause pain and confusion without constitutionally adequate warning.

## PARTIES

2. Plaintiff Maleeha Ahmad is a Missouri resident who lives in the City of St. Louis.

1

3. Plaintiff W. Patrick Mobley is a Missouri resident who lives in the City of St. Louis.

4. Plaintiff Brian Baude is a Missouri resident who lives in the City of St. Louis.

5. Defendant City of St. Louis is a municipal corporation of the State of Missouri.

## JURISDICTION AND VENUE

6. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the First and Fourth Amendments, as incorporated as against States and their municipal divisions through the Fourteenth Amendment.

7. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

8. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the City of St. Louis.

9. Divisional venue is proper in the Eastern Division because the a substantial part of the events leading to the claims for relief arose in the City of St. Louis and Defendant resides in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

10. In December 2011, then-St. Louis police officer Jason Stockley (who is white) shot and killed St. Louis resident Anthony Lamar Smith (who was African American), whom Stockley and his partner had initially stopped on suspicion of involvement in a drug transaction.

11. In May 2016, Officer Stockley was charged with first-degree murder for Smith's death.

12. On Friday, September 15, 2017, after a four-day bench trial, Missouri Circuit Judge Timothy Wilson acquitted Officer Stockley of first-degree murder and its lesser included homicide offenses.

13. Many community members disagreed with the verdict.

14. Public protests began later that day at multiple locations in St. Louis and surrounding communities, some spontaneous and others more organized.

15. A common theme of the protests has been that, in the view of the protestors, the verdict reflected institutional racism and unwarranted bias in favor of law enforcement officers.

16. St. Louis Metropolitan police officers have amassed at several protests wearing tactical dress, including helmets, and carrying batons, full-body riot shields, and chemicals, such as tear gas, skunk, inert smoke, pepper gas, pepper pellets, xylyl bromide, and/or similar substances (collectively, "chemical agents").

17. On multiple occasions, police officers have without warning deployed chemical agents against individuals observing, recording, or participating in protest activity, including Plaintiffs Ahmad and Baude, including but not limited to the following occasions:

    a. Friday afternoon near the intersection of Clark and Tucker Avenues

    b. Friday evening near the intersection of McPherson and Euclid Avenues

    c. Friday evening near the intersection of Waterman and Kingshighway Boulevards

    d. Friday evening near the intersection of Euclid and Maryland Avenues

    e. Friday evening near the intersection of Lindell and Kingshighway Boulevards

    f. Friday evening near the intersection of Euclid Avenue and Pershing Place

    g. Sunday evening near the intersection of Tucker Boulevard and Washington Avenue

18. On Sunday night, St. Louis Metropolitan police officers employed a tactic known as "kettling" at the intersection of Tucker Boulevard and Washington Avenue.

19. Police officers had—some 45 minutes earlier—ordered some protestors to "disperse" at a location some distance away.

20. However, police officers then permitted protestors, as well as other pedestrians not participating in or observing the protest, to enter and exit the area at will during the interim, including allowing people to move into intersection of Tucker and Washington.

21. Without further instruction of warning, or any instruction or warning at all at the intersection, police officers surrounded individuals observing, recording, or participating in protest activing, including Plaintiff Baude, cutting off all routes of egress—including via any sidewalk—and prohibiting the people trapped inside from leaving.

22. Police officers, who were wearing protective equipment, then without warning deployed chemical agents at the individuals caught in the kettle, including Plaintiff Baude.

23. Some individuals caught in the kettle had been wearing goggles because they feared the deployment of chemical agents.

24. Police officers roughly removed the goggles and then sprayed those individuals directly in the face.

25. Police officers appear to believe that they are authorized by St. Louis Code of Ords. 15.52.010 and 17.16.275 to declare protests "unlawful assemblies" and to order protestors "to disperse."

26. On some occasions, the protests did not meet the ordinance definition of an unlawful assembly.

27. Dispersal orders, even when given, were too remote in time and distance for a person of ordinary intelligence, including Plaintiffs, to understand where and when they applied.

28. Throughout the weekend, on multiple occasions, police officers commanded protestors and observers to cease recording video and photographs and on some occasions deleted, or commanded to be deleted, video and photographs already recorded, including video recorded by Plaintiff Mobley.

29. Police officers intentionally exposed Plaintiffs Ahmad and Baude to chemical agents without notice or the opportunity to disperse.

## **MUNICIPAL ALLEGATIONS**

30. The City of St. Louis has a custom or policy of deploying chemical agents against protestors without warning and has done so on occasions before these particular protests, including in March 2012 near the intersection of Grand Avenue and I-44, in October 2014 near the intersection of Vandeventer and Manchester/Chouteau Avenues and near the intersection of Arsenal Street and Grand Avenue, in November 2014 near the intersection of Arsenal Street and Grand Avenue, and in August 2015 near the intersection of Walton Avenue and Page Boulevard.

31. The City of St. Louis has a custom or policy of commanding protestors to disperse without providing sufficient routes of egress and without instructions about where, how quickly, and how far away individuals must go to comply with that order, and has done so on occasions before these particular protests, including in 2014 near the intersection of Arsenal Street and Grand Avenue and in 2015 near the intersection of Walton Avenue and Page Boulevard.

32. The City of St. Louis has a custom or policy of enforcing Ord. 15.52.010, defining an unlawful assembly, in an unconstitutional way, and has done so on occasions before these particular protests, including in 2014 near the intersection of Arsenal Street and Grand Avenue and in 2015 near the intersection of Walton Avenue and Page Boulevard.

33. The City of St. Louis has a custom or policy of enforcing Ord. 17.16.275, describing the offense of failure to disperse, in an unconstitutional way, and has done so on occasions before these particular protests, including in 2014 near the intersection of Arsenal Street and Grand Avenue and in 2015 near the intersection of Walton Avenue and Page Boulevard.

34. The City of St. Louis's custom or policy of failing to publish general orders, special orders, and temporary orders exacerbates the confusion among both police officers and residents about how Ords. 15.52.010 and 17.16.275 can and will be enforced and thereby is a moving force behind the repeated violations of protestors' First Amendment rights.

35. Both ordinances are unconstitutionally vague on their face and as applied to Plaintiffs and do not provide fair notice to a reasonable person as to how to comply with the law.

36. The City of St. Louis has a custom or policy of retaliating against protestors expressing disapproval of the actions of law enforcement officers, and has done so on occasions before these particular protests, including in 2014 near the intersection of Arsenal Street and Grand Avenue and in 2015 near the intersection of Walton Avenue and Page Boulevard.

37. The City of St. Louis has a custom or policy of commanding persons who are recording law enforcement activity to cease recording when those persons are not interfering with

any officer, to delete or command such persons to delete recordings, and/or to confiscate recording devices or otherwise render them inoperable by the person who was recording.

38. The City of St. Louis has failed to supervise and train its officers to deploy chemical agents in a constitutional way, to enforce St. Louis Code of Ords. 15.52.010 and 17.16.275 in a constitutional way, to permit recording of police actions, and to avoid restricting freedom of movement unjustifiably, and has been on notice that the lack of training and supervision have resulted in the deprivation of constitutional rights since at least 2014. Among other things, failures of supervision include:

    a. declining to investigate alleged violations of protestors' First Amendment rights of speech, assembly, and opportunity to petition the government about their grievances and Fourth Amendment rights to be free from excessive force and unlawful seizure;

    b. classifying citizen complaints as "Employee Misconduct Reports" and thereby never conducting any criminal investigation into police;

    c. failing to voluntarily share documents with, or to give subpoena power to, the Civilian Oversight Board; and

    d. failing to discipline officers who patrol protests yet refuse or fail to position their name tags in a manner visible to protestors.

39. Plaintiffs have not attended protests they otherwise would have participated in and/or observed because of their reasonable fear that they will be exposed to chemical agents without warning, be retaliated against for recording police officers, and/or have their freedom of movement unlawfully restricted, and because St. Louis Code of Ords.

15.52.010 and 17.16.275 have been enforced in an arbitrary, capricious, selective, and retaliatory way.

## CLASS ALLEGATIONS

40. Under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action for prospective relief on behalf of themselves and other similarly situated people who will in the future observe, record, or participate in protest activity within the City of St. Louis in a traditional or designated public forum (the "Plaintiff Class").

41. The Plaintiff Class is so numerous that joinder of all members would be impracticable. Well over one thousand people have observed, recorded, or participated protest activity within the City of St. Louis since September 15.

42. As a result of the City of St. Louis' customs or policies of kettling, deploying chemical agents without warning, unconstitutionally interfering with the right of individuals to observe, record, and participate in protest activities in a public space, and enforcing St. Louis Code of Ords. 15.52.010 and 17.16.275 in an unconstitutional manner, the Plaintiff Class has been and will continue to be deprived of their constitutional rights under the First, Fourth, and Fourteenth Amendments.

43. Plaintiffs' claims for prospective relief are typical of the members of the Plaintiff Class because protests are ongoing and Plaintiffs and all Plaintiff Class members have a reasonable fear that the City of St. Louis will continue to enforce its unconstitutional customs or policies relating to kettling, the deployment of chemical agents without warning, the interference with protestors recording the police, and the enforcement of vague ordinances in an arbitrary, capricious, selective, and retaliatory way.

44. Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class. Plaintiffs have no interests that are contrary to or in conflict with those of the class they seek to represent. Plaintiffs are represented by competent and skilled counsel whose interests are fully aligned with the interests of the class.

45. Questions common to the plaintiff class predominate over individual questions. These legal and factual questions include but are not limited to:

   a. Whether the City of St. Louis, through its police officers, must provide warning before deploying chemical agents and, if so, what kind of warning is constitutionally sufficient;

   b. Whether the City of St. Louis, through its police officers, may constitutionally block all routes of egress and then deploy chemical agents when protestors are nonresistant and unable to flee;

   c. Whether the City of St. Louis, through its police officers, may constitutionally command protestors to delete photographs and videos already recorded which depict officer actions in a public space;

   d. Whether the City of St. Louis, through its police officers, may command protestors to cease recording video when the recording does not interfere with officers' ability to perform their duties;

   e. Whether St. Louis Code of Ords. 15.52.010 and 17.16.275 are unconstitutionally vague on their face and/or as applied to the Plaintiff Class; and

   f. What kind of dispersal order is required when ordering individuals to disperse, whether and how many and what type of routes of egress must be available, and

how far in time and distance a warning may be before an individual may be arrested for the offenses of "failure to disperse" or "failure to obey."

46. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the Plaintiff Class would be proper. The City of St. Louis has acted on grounds generally applicable to the Plaintiff Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to the Plaintiff Class as a whole and certification of the Plaintiff Class under Rule 23(b)(2) proper.

## COUNT I: FIRST AMENDMENT
*First Amendment retaliation – 42 U.S.C. § 1983*

47. Plaintiffs and the Plaintiff Class incorporate by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

48. Plaintiffs engaged in constitutionally protected acts of observing, recording, or participating in expressive activity. Plaintiffs Ahmad and Dreith gathered together on public streets and sidewalks and when they marched as a group, to express their disapproval of the acquittal of Officer Stockley.

49. Plaintiff Mobley engaged in constitutionally protected expressive activity when he recorded video of police officers on duty in a public place.

50. Plaintiff Maclean and Baude engaged in constitutionally protected expressive activity when they stood on public sidewalks to observe protests and the actions of police officers on duty in a public place.

51. The City of St. Louis retaliated against Plaintiffs for engaging in constitutionally protected expressive activity.

52. Plaintiffs and the Plaintiff Class reasonably fear deployment of chemical agents without warning, unlawful seizure and excessive force through kettling, interference with their

right to record the police, and enforcement of St. Louis Code of Ords. 15.52.010 and 17.16.275 in an arbitrary and/or retaliatory manner if they participate in or observe a protest in the City of St. Louis.

53. These acts that would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity, and they did, in fact, chill Plaintiffs from continuing to peacefully observe, record, and participate in protest activity.

54. It was the custom or policy of the City of St. Louis, as well as the City's failure to train and supervise its officers, that caused the First Amendment retaliation.

55. Plaintiffs and members of the Plaintiff Class reasonably fear further retaliation in the future if the observe, record, or participate in protest activity.

WHEREFORE, Plaintiffs respectfully request this Court:

    A.    Enter judgment in favor of Plaintiffs and against the City of St. Louis;

    B.    Issue a permanent injunction;

    C.    Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D.    Allow such other and further relief as the Court deems just and proper.

## COUNT II: FOURTH AMENDMENT
*Unlawful Seizure and Excessive Force*

56. Plaintiffs and the Plaintiff Class incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

57. Plaintiffs were seized by the City of St. Louis when its officers intentionally, and by use of force and threat of arrest, chemical agents and/or kettling, terminated their freedom of movement.

58. The use of chemical agents without warning, the threat of arrest, and the employment of kettling without warning was objectively unreasonable and constituted an unlawful seizure and excessive force.

59. Plaintiffs had committed no crime.

60. Plaintiffs posed no threat to the safety of any police officer or any other person.

61. It was the custom or policy of the City of St. Louis, as well as the City's failure to train and supervise its officers, that caused the unlawful seizures and use of excessive force.

62. Plaintiffs and members of the Plaintiff Class reasonably fear further unlawful seizures and excessive force in the future if the observe, record, or participate in protest activity.

WHEREFORE, Plaintiffs respectfully requests this Court:

    A. Enter judgment in favor of Plaintiffs and against the City of St. Louis;

    B. Issue a permanent injunction;

    C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT III: FOURTEENTH AMENDMENT
*Procedural Due Process*

63. Plaintiffs and the Plaintiff Class incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

64. The due process rights of Plaintiffs other than Plaintiff Mobley were violated when the City of St. Louis, through its agent officers, failed to provide any warning about the deployment of chemical agents, to provide an opportunity to disperse, to leave open routes of egress, and to enforce St. Louis Code of Ords. 15.52.010 and 17.16.275 in a way that a person of ordinary intelligence could understand and comply with.

65. St. Louis Code of Ords. 15.52.010 and 17.16.275, and the City of St. Louis' policies and customs related to their enforcement, permit arbitrary enforcement at the unbridled discretion of an individual police officer(s), without adequate notice or an adequate opportunity to comply, in a way that does not provide a person of ordinary intelligence with a reasonable opportunity to understand what conduct is permitted and prohibited, and in a way that authorizes and encourages discrimination based on the content of the message of a person engaged in expressive activity.

66. Plaintiffs and members of the Plaintiff Class reasonably fear further violation of the right to due process in the future if the observe, record, or participate in protest activity.

WHEREFORE, Plaintiffs respectfully requests this Court:

    A.    Enter judgment in favor of Plaintiffs and against the City of St. Louis;

    B.    Issue a permanent injunction requiring the City of St. Louis to:

        a. Declare protests "unlawful assemblies" and to order protestors "to disperse" in a constitutional manner and otherwise limit police activities at protests as required by the Constitution;

        b. Refrain from deploying chemical agents without warning, provision of routes of egress, and a reasonable time to disperse, unless the person against whom the agents are deployed is currently engaging in force or violence;

        c. Provide sufficient supervision to permit investigation of alleged misconduct related to patrol of First Amendment events, including disciplining officers who fail to wear visible badges; and

       d. Provide adequate training to prevent the unconstitutional enforcement of Ords. 15.52.010 and 17.16.275, including:

          i. Bias-free policing;

          ii. Policing First Amendment events;

          iii. Principles of community policing; and

          iv. Supervisor training;

C. .Make permanent the preliminary injunction issued on November 15, 2017;

D. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       <u>/s/ Anthony E. Rothert</u>
       Anthony E. Rothert, #44827
       Jessie Steffan, #64861
       American Civil Liberties Union of Missouri Foundation
       906 Olive Street, Suite 1130
       St. Louis, Missouri 63101
       (314) 652-3114
       (314) 652-3112 (facsimile)
       arothert@aclu-mo.org
       jsteffan@aclu-mo.org

       Gillian R. Wilcox, #61278
       406 West 34th Street, Suite 420
       Kansas City, Missouri 64111
       American Civil Liberties Union of Missouri Foundation
       (816) 470-9938
       gwilcox@aclu-mo.org
       *Attorneys for Plaintiffs*

## Certificate of Service

A copy of the foregoing filed via CM/ECF and thereby made available to all counsel of record on August 20, 2018.

/s/ Anthony E. Rothert