IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-2455 CDP |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**Motion to Add Party Pursuant to Rule 21**

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs respectfully request that the court add Pamela Lewczuk as a plaintiff and putative class representative. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Plaintiff Brian Baude has moved to dismiss his claim without prejudice pursuant to Rule 41(a)(2), *see* ECF No. 91, and is therefore no longer an adequate putative class representative. Although two named plaintiffs remain as putative class representatives, it is in the best interest of the putative class to have representatives who were exposed at different times to the allegedly unconstitutional customs and policies of the City of St. Louis. The proposed plaintiff, Pamela Lewczuk, experienced materially identical harm to Plaintiff Baude; that is, like Plaintiff Baude, she was arrested and booked after being "kettled" by employees of Defendant at the intersection of Tucker Boulevard and Washington Avenue on the evening of September 17, 2017. (*See* ECF No. 11-10, *Declaration of Pamela Lewczuk*.)

Courts have "broad discretion to permit a change in the parties at any stage of a litigation." *Ford v. Air Line Pilots Ass'n Int'l*, 268 F. Supp. 2d 271, 295–96 (E.D.N.Y. 2003) ("The court's decision to permit joinder is based on whether the claims of the additional

1

plaintiffs arose out of the same or separate acts or occurrences, whether the party seeking joinder has unnecessarily delayed the proceedings, and whether the nonmovant would be prejudiced by the addition."). The Eighth Circuit has held that <u>dismissals</u> of parties pursuant to Rule 21 are permissible "only if they do not cause gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008). Although as far as counsel knows the Eighth Circuit has not elucidated a standard for the addition of parties, the language from whence that rule comes is the same for both additions and dismissals and the same requirement for additions can be inferred. *See Halladay v. Verschoor*, 381 F.2d 100, 108 (8th Cir. 1967) (commenting that Rule 21 allows joinder and dismissal when equitable to "obviate the harsh common law adherence to technical rules of joinder" and approving a district-court case where "[j]oinder of parties was granted after twenty-six months where no prejudice resulted from delay and was in the interest of justice").

Adding Lewczuk as a named plaintiff will not work any gratuitous harm to the parties because it will not change the course of the litigation. The addition will not require any amendment of the pleadings other than the substitution of her name for Plaintiff Baude's name and indeed will <u>better</u> protect the interests of the putative class. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1039 (8th Cir. 1999) (directing district court to use Rule 21 to sever two classes and concluding that use of the rule was appropriate because "the primary interest [the courts] must serve" was to allow the class claims at issue to be litigated promptly and in courts of appropriate jurisdiction); *Diagnostic Unit Inmate Council v. Motion Picture Ass'n of Am., Inc.*, 953 F.2d 376, 379 (8th Cir. 1992) (characterizing Rule 21 as "a procedural device enabling [courts] to order the joinder of additional parties, even on their own initiative, so as to be able to give complete relief").

Furthermore, the addition of Lewczuk as a named plaintiff will not cause any prejudice to the City of St. Louis. Lewczuk is not only already a member of the putative class, but one known to the City. She submitted a declaration in support of Plaintiffs' motion for a preliminary injunction, *see* ECF No. 11-10, so the City has been aware of the substance of her allegations since last September. Furthermore, the City has not done any discovery specific to Plaintiff Baude such that adding Lewczuk as a plaintiff would cause any City efforts to go to waste. Because the case is proceeding as a putative class action concerning allegedly unconstitutional customs and policies to which Lewczuk was exposed (and to which the City knew she alleges she was exposed), the addition of Lewczuk as a named plaintiff—as opposed to an unnamed class member—will not change the scope of discovery.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that Pamela Lewczuk be added as a plaintiff pursuant to Fed. R. Civ. P. 21 and any other relief the Court finds just and appropriate.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
ACLU of Missouri Foundation
(816) 470-9938
gwilcox@aclu-mo.org
*Attorneys for Plaintiffs*

3

## **Certificate of Service**

A copy of the foregoing filed via CM/ECF and thereby made available to all counsel of record on September 20, 2018.

/s/ Anthony E. Rothert