# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-2455 CDP |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PRECLUDING DEPOSITIONS OF WILLIAM OLSTEN AND JEREMY DAVIS

Defendant has moved for a protective order to preclude the depositions of William Olsten and Jeremy Davis. Mr. Olsten is a former police officer (dismissed from the City's police division for reasons unrelated to the case at bar) and Mr. Davis is currently an active duty police officer. Both were on duty during events generically described in this action as the "Stockley protests" in the City in the fall of 2017. Both are defendants in damage suits brought by individuals involved in such protests. Mr. Olsten is a defendant in Nos. 4:18-CV-1674, 1676, 1677, 1678, 1679 and 1680, arising out of an incident occurring on October 2017, in which the plaintiffs include at least one witness who testified for plaintiffs at the preliminary injunction hearing in this case. Mr. Davis is a defendant in No. 4:18-CV-1561, arising out of the incident at Tucker and Washington on September 17, 2017, in which plaintiffs are also plaintiffs' witnesses in this action.

As the Court is aware, the events of September 2017, particularly the mass arrest that occurred on September 17 at Tucker and Washington, have already been the subject of an extensive record on the hearing of the motion for preliminary injunction. At that hearing, the City's witnesses included Lt. Sachs, Sgt. Rossomanno, the commander and

direct supervisor of the City police "civil disobedience teams (CDTs)," and Sgt. Karnowski, the supervisor of the "bicycle response team."  Since the hearing, plaintiffs have deposed Sgt. Karnowski, Lt. Randy Jemerson (co-supervisor of the CDTs) , Detective Brandon Wyms (main reporting officer for September 17 incident), Jerome Baumgartner (police manager of planning), Lt. Boyher ("SWAT" supervisor), and Officers West, Becherer,  and Hays.  In addition, the parties are in the process of scheduling additional depositions of still other officers.

      Defendant seeks a protective order to preclude the depositions of Messrs. Olsten and Davis primarily because it will be unfair to those individuals, given the pendency of the damage suits against them which involve allegations of unlawful arrest and excessive force, and given the availability of other witnesses who can readily supply any information needed by plaintiffs to prepare for trial on their claim for "prospective" injunctive relief.  The situation of Mr. Olsten is particularly difficult.  He has been dismissed from the City police for reasons unrelated to the plaintiffs' claims and he is also the subject of a pending state criminal prosecution, also unrelated.  While counsel for the City represents him in the federal damage suits mentioned above, he is separately represented in the other matters.  The City respectfully submits that allowing him to be deposed by plaintiffs in this case could prejudice his defense of the damage suits (which are not being prosecuted by the ACLU counsel in this case), and would at the very least subject him to multiple depositions, without any discernible benefit to plaintiffs in this case.  The difficulty is compounded by the fact that counsel in this case cannot communicate with him except with the concurrence of his counsel in the other matters,

making deposition preparation awkward.  Multiplying depositions multiplies the awkwardnes.

Similarly, Officer Davis could be prejudiced if he is subjected to deposition in this case by plaintiffs' counsel.

Defendant notes that plaintiffs in this cause seek to represent a class that would inevitably include the plaintiffs in the damage suits against Messrs. Olsten and Davis.  It is difficult to see any other purpose in deposing those individuals than to advance the interests of not only plaintiffs herein but the damage suit plaintiffs as well.  Also, given Mr. Olsten's other troubles, a deposition holds considerable potential for embarrassment of both defendant City and Mr. Olsten, even if plaintiffs' counsel forswears inquiry about events unrelated to the Stockley protests.

"District Courts may limit the frequency or extent of discovery when the information sought is cumulative or duplicative, could be obtained from a more convenient source, or is outside the scope of discovery. Fed. R. Civ. P. 26(b)(2)(C). To that end, a court may enter a protective order forbidding a deposition to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). Information that is not relevant to a claim or defense is outside the scope of discovery. Fed. R. Civ. P. 26(b)(1)." *Drake v. Steak N Shake Operations, Inc.*, 2018 U.S. Dist. LEXIS 126467 (E.D.Mo. 2018).

Defendant recognizes that the Court has fixed a 30-deposition limit, but defendant submits that the limit is a ceiling, not a floor, and that the Court can exercise its discretion to limit depositions to avoid undue burden notwithstanding the ceiling.  In the unusual circumstances here, the burden on defendant and the witnesses in allowing their deposition is undue.  Defendant has offered to make other officers available for

deposition who would have knowledge of the incidents with which plaintiffs are concerned, although any further depositions regarding September 17 will almost certainly be cumulative.

Defendant also notes that plaintiffs have served an interrogatory seeking addresses of 104 City police officers and other employees for purposes of potential deposition or trial.  It is difficult to see how Messrs. Olsten and Davis differ in any significant respect from the 104 potential witnesses of whom plaintiffs seem to be aware. A protective order is warranted here because the discovery can be obtained from another source that is more convenient and less burdensome.

In light of the foregoing, defendant respectfully requests that the Court enter an order precluding the depositions of Messrs. Olsten and Davis.

Respectfully submitted,

JULIAN L. BUSH
CITY COUNSELOR

/s/ Robert H. Dierker
Robert H. Dierker 23671MO
Associate City Counselor
dierkerr@stlouis-mo.gov
Abby Duncan 67766MO
Assistant City Counselor
Meghan Bruyns 69987MO
Assistant City Counselor
Amy Raimondo 71291MO
Assistant City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956