UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )   Case No. 4:17 CV 2455 CDP |
| CITY OF ST. LOUIS, MISSOURI, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion to intervene filed by nonparty National Lawyers Guild (NLG), which will be granted as unopposed.  The NLG seeks to quash subpoenas served on two NLG legal observers, Keith Rose and Scott Kampas.  The subpoenas demand production of proprietary NLG materials, which NLG claims are confidential and protected from disclosure as attorney work product.  The subpoenas do not state the deposition's scope or subject matter.  The depositions are noticed for April 2 and 3, 2019.

Defendant has the right to depose Keith Rose in this matter, as he has provided evidence in this case.  However, he was not participating in the events at issue in this case as an NLG legal observer.  Therefore, defendant appears to have no legal basis upon which to subpoena NLG materials from him, as such materials are completely irrelevant to this case and his testimony.  As for Scott Kampas, his

only purported connection to this case is as an NLG trainer for plaintiff Pamela Lewczuk, who was at the events at issue as a legal observer for the NLG. Defendant has already taken Lewczuk's deposition. Lewczuk testified as to her training, her participation in the NLG, and what happened to her during the events at issue in this case. Lewczuk is not an expert witness in this case and does not opine as to whether defendant's conduct complied with constitutional requirements. Under such circumstances,

**IT IS HEREBY ORDERED** that the motion to intervene [130] is granted as unopposed.

**IT IS FURTHER ORDERED** that **defendant shall show cause in writing by no later than noon on April 3, 2019, why the subpoena issued to Keith Rose should not be quashed as to the request for production of documents, and why the subpoena issued to Scott Kampas should not be quashed in its entirety. The written response shall not exceed the local rule's page limitation requirement, and no extension of time will be granted.**

**IT IS FURTHER ORDERED** that **any reply brief submitted in support of the motion to quash shall be filed by no later than 5:00 p.m. on April 3, 2019 and shall not exceed five pages in length.  No further briefing will be permitted, and no hearing will be held.**

/s/ Catherine D. Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st  day of April, 2019.