IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:17-CV-2455-CDP |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO EXCLUDE THE TESTIMONY OF JOHN W. MCKERLEY**

COMES NOW Defendant City of St. Louis, and for its Memorandum in Support of its Motion to Exclude the Testimony of John W. McKerley, states as follows:

**BACKGROUND**

Plaintiffs filed suit on behalf of themselves and a proposed class of similarly situated individuals alleging Defendant City of St. Louis police did not apply the sections of the Revised Code of the City of St. Louis related to unlawful assemblies (City Code § 15.52.010) and impeding and interfering with pedestrian and vehicular traffic (City Code § 17.16.275) in a constitutional manner during protests in the fall of 2017.  There is no allegation in the amended complaint that defendant City's Division of Police acted on the basis of racial animus, or that the enforcement of the ordinances at issue had any disparate impact on persons of a particular race.  Rather, plaintiffs contend that unconstitutional enforcement was in part based on the "anti-police" message of the purported plaintiff class. *See* Plaintiff's Second Amended Complaint [doc. 90] ¶¶36, 52-53.

**LEGAL STANDARD**

1

The admission of expert testimony is governed by Federal Rule of Evidence 702. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." *McKnight ex rel. Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1408 (8th Cir. 1994). The party seeking admission of expert testimony has the burden of establishing admissibility. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

FRE 702 requires a trial judge to act as a "gatekeeper." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012) quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As "gatekeeper," a trial court must determine at the outset whether a proffer of expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The trial judge should admit expert testimony only if it is both relevant and reliable. *Id*. To demonstrate the expert testimony is relevant, "'the proponent must show that the expert's reasoning . . . was applied properly to the facts at issue.'" *Khoury v. Philips Med. Sys.*, 614 F.3d 888, 892 (8th Cir. 2010) quoting *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010).

## ARGUMENT

**I. The Court should exclude McKerley's opinions as they will not assist the trier of fact in determining any issues in this case**

John W. McKerley, Ph.D. (history), was asked by Plaintiffs to provide his opinions on "the origins and historical context of restrictions on freedom of assembly in Missouri and/or St. Louis….the evolution of laws in Missouri and/or St. Louis regarding assemblies; the use of the origins and historical context of policing in St. Louis with emphasis on interactions with African Americans, protesters, and/or African American protesters. Exhibit 1 to Motion to Exclude, Declaration of John McKerley ¶9. McKerley asserts that one of his areas of focus as a historian is "nineteenth and twentieth-century Missouri, with a focus on local legislative history and the rights of Black Missourians vis-à-vis state and city governments." *Id.* at ¶4.

McKerley produced an expert report dated January 25, 2019 ("Report"). *See* Exhibit B to McKerley Declaration. In the Report, McKerley begins with a discussion of the general history of Missouri's criminal laws and the rural-dominated legislature's fears related to disorder in St. Louis. *Id.* at pp. 1-3. The Report then enters into a lengthy discussion on the impact of the expansion of slavery and migration of free black men and women on Missouri's political climate during the time period of 1840 to the American Civil War. *Id.* at pp. 3-6. McKerley ends the Report by stating the current laws "in Missouri and St. Louis regulating the freedoms of speech and assembly must be viewed in the context of their precursors, which as a whole privileged the prevention of disorder and target St. Louis as a root of perceived disorder" as the "[p]olice department enforcement practices are a product of that history." *Id.* at 6. McKerley's testimony is irrelevant and unhelpful for the following three reasons:

First, McKerley's proposed testimony is irrelevant and unhelpful as it is a mere polemic about Missouri law. Missouri law in the nineteenth century is not relevant to the issues this Court has been asked to decide in this case—whether the ordinance at issue are constitutional and were constitutionally applied by the City's police in the fall of 2017. The code sections at

issue, City Code §§15.52.010 and 17.16.275, were adopted decades after slavery was abolished in Missouri.[1] Indeed, the ordinance restricting the impeding of vehicular and pedestrian traffic was adopted on 2012, as a direct result of a decision of the United States Court of Appeals for the Eighth Circuit.[2] The ordinance as amended sets forth explicit legislative findings and render the McKerley opinions even less worthwhile. See St. Louis Ordinance 69282, attached as Exhibit 2.

Second, the information provided by Dr. McKerley is wholly irrelevant and unhelpful in that it fails to address any allegations contained in Plaintiffs' Second Amended Complaint. The determination that "Missouri's rural-dominated legislature…focused its fears of disorder on St. Louis" during the early 1800s, "responded to St. Louis' growing immigrant and black working-class with new laws designed to limit the city's influence" or "mandated corporal punishment for all enslaved people who participated in 'riots, routs, and unlawful assemblies, and seditious speech'", Declaration Exhibit B, pp. 2, 4, 5, provides nothing that will help the trier of fact in determining whether the City's enforcement of its Code Sections in fall of 2017 was constitutional. As the information provided by Dr. McKerley is not related to the issues in the case at bar, McKerley's testimony is not relevant, not helpful, and should thus be excluded. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) *citing to* 3 Weinstein & Berger ¶702[02], p. 702-18. ("Expert testimony which does not relate to any issue in the case is not relevant and, *ergo*, non-helpful.")

---

[1] An ordinance abolishing slavery in Missouri was adopted by the Missouri legislature on January 11, 1865. See JOURNAL OF THE MISSOURI STATE CONVENTION HELD AT THE CITY OF ST. LOUIS, JANUARY 6- APRIL 10, 1865, 25-27 (St. Louis: Missouri Democrat Print, 1865) *available at* https://hdl.handle.net/2027/dul1.ark:/13960/t1dj90809?urlappend=%3Bseq=29; *see also See also* Mo. CONST. art. I, § 2 (1865), "That there cannot be, in this state, either slavery or involuntary servitude, except in punishment of crime, whereof the party shall have been duly convicted[.]"

[2] See *Stahl v. City of St. Louis*, 687 F.3d 1038 (8th Cir. 2012).

Third, the McKerley opinions are particularly irrelevant because they constitute nothing more than conclusions of law with a patina of historical research.  Statutory construction is entirely a matter of law for the court, and Dr. McKerley's historical analysis of legislative intent will be of no use to the Court.  While the Court is not likely to be misled by Dr. McKerley's irrelevant testimony, there is no reason to indulge plaintiffs' efforts to inject such testimony to no useful purpose and impose on Defendant the burden of arguing its irrelevance at trial.   See *Fisher v. Cerveceria Costa Rica, S.A.*, 2014 U.S. Dist. LEXIS 64588 (S.D. Ohio 2014); cf. *SLSJ, LLC v. Kleban,* 277 F.Supp.3d 258 (D.Conn. 2017).

## CONCLUSION

For the above reasons, Dr. McKerley's opinions are inadmissible. *Daubert*, 509 U.S. at 591 (expert testimony is not admissible unless it will "assist the trier of fact to understand the evidence or to determine a fact in issue."). Thus, pursuant to FRE 702, this Court should issue an order excluding the testimony of John W. McKerley.

                              Respectfully submitted,
                              JULIAN L. BUSH
                              CITY COUNSELOR
                              /s/ Robert H. Dierker
                              Robert H. Dierker 23671MO
                              Associate City Counselor
                              dierkerr@stlouis-mo.gov
                              Brandon Laird 65564MO
                              Assistant City Counselor
                              Abby Duncan 67766MO
                              Assistant City Counselor
                              Megan Bruyns 69987MO
                              Assistant City Counselor
                              Amy Raimondo 71291MO
                              Assistant City Counselor
                              1200 Market St.
                              City Hall, Rm 314
                              St. Louis, MO 63103
                              314-622-3361
                              Fax 314-622-4956