UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MALEEHA AHMAD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2455 CDP |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for class certification. The matter has been fully briefed and is now ripe for decision.[1]  For the following reasons, the motion to certify will be granted, with the class redefined by the Court as set forth below.

## Background

The parties rely upon the Court's familiarity with the underlying facts and issues based upon the preliminary injunction hearing held in this matter on October 18, 19, and 23, 2017.  As the parties also rely upon evidence submitted at that hearing and refer to the Court's November 15, 2017 order granting preliminary relief, the Court will not restate that evidence here.  In further support of certification plaintiffs offer the following additional evidence: Since the hearing,

---

[1] The parties did not request a hearing on the motion for class certification, and the Court deems a hearing unnecessary as the issue is one capable of resolution on the briefs.

four St. Louis City police officers who patrolled the protests at issue here have been indicted in this Court for allegedly unlawful activities undertaken during the protests.  Case No. 4: 18 CR 975 CDP/JMB.  Three of the indicted officers face federal civil rights charges for beating an undercover detective they mistook for a protestor.[2]  These officers allegedly expressed widespread enthusiasm for using force against protestors and acknowledged that officers routinely destroyed protestors' cameras and cell phones during protests.  Plaintiffs also offer deposition testimony from police officers who purport to have little to no recollection or understanding of the preliminary injunction entered by this Court on November 15, 2017, and who cannot testify to any change in police policy or procedure resulting from the preliminary injunction.

Plaintiffs Maleeha Ahmad, W. Patrick Mobley, and Pamela Lewczuk seek to certify a putative class consisting of "persons who will in the future participate in expressive activity that is intended or perceived as a protest of police at a traditional public or designated public forum within the City of St. Louis."  Ahmad participated in the protests and was maced.  Mobley allegedly had his cell phone illegally seized and searched when he was caught filming an arrest during the protests.  Police allegedly deleted the video without his consent, threatened to manufacture evidence to arrest him, and accused him of property damage before

---

[2] Two of the indicted officers are also charged with interfering with the subsequent investigation into their conduct by destroying evidence and/or lying to investigating officials.

telling him to leave or face arrest.  Lewczuk is a legal observer who was allegedly exposed to chemical agents by police on several occasions while observing the protests.  She was also arrested during the mass arrest on the evening of September 17, 2017, and alleges that she was subject to unlawful arrest and the gratuitous use of force, including chemical agents, despite complying with all police commands.

Defendant does not address the post-hearing evidence offered by plaintiffs. Instead, it argues that class certification is inappropriate for several reasons, addressed below.[3]

<u>Standards Governing Class Certification</u>

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)."  *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).  Plaintiffs carry the burden of showing that they have met those requirements.  *See Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).  This burden is met only if, "after a rigorous analysis," the Court is convinced the Rule 23 requirements are satisfied.  *Comcast Corp. v.*

---

[3] It also invites the Court to reconsider its prior ruling that plaintiffs have standing to bring their claims, which the Court declines to do.  Plaintiffs have standing because they have demonstrated both an objectively reasonable self-censorship of the exercise of their first amendment rights based upon defendant's allegedly unconstitutional conduct and an intent to speak despite a realistic danger of sustaining retaliatory injury inflicted by defendant as a result of their exercise of constitutionally protected rights.  *See Missourians for Fiscal Accountability v. Klar*, 830 F.3d 789, 794 (8th Cir. 2016).

*Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 341 (2011)).  Rigorous analysis may further "entail overlap with the merits of the plaintiff's underlying claim," because "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast*, 569 U.S. at 33-34 (internal quotation marks and citations omitted).  However, the Court's inquiry on a motion for class certification is "tentative," "preliminary," and "limited." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011).  "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).  "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*  "[The Court's] primary task is not to determine the final disposition of a plaintiff's claims, but instead to examine whether those claims are appropriate for class resolution." *Postawko v. Missouri Department of Corrections*, 910 F.3d 1030, 1037 (8th Cir. 2018) (citing *In re Zurn*, 644 F.3d at 613).

## Ascertainability

Defendant argues that class certification should be denied because the proposed class is not adequately defined and ascertainable.  Defendant contends

that the class cannot be adequately defined because it uses the vague terms of "protest," "protest of police," "expressive activity," and "public forum." Defendant also complains that the class definition is not directed to the issues raised in the case or limited in time or to lawful activity.  Ascertainability is not a "separate, preliminary requirement" of class certification, but rather an implicit one enforced through a rigorous analysis of Rule 23's requirements.  *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016); *McKeage v. TMBC, LLC*, 847 F.3d 992, 998 (8th Cir. 2017).  One way for a class to be ascertainable is for "its members [to] be identified by reference to objective criteria."  *Id.*  "As a general matter, less precision is required of class definitions under Rule 23(b)(2) than under Rule 23(b)(3), where mandatory notice is required by due process."  *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621, 630 (C.D. Cal. 2007).

While the Court disagrees that the terms used in the proposed class definition are vague, it concludes that the class definition should be redefined to make the class more readily ascertainable and to better reflect the issues in the case, which does not include protestors engaged in violent, unlawful activity.  It is well within the discretion of the Court to redefine the proposed class definition to address the problems raised by defendant rather than to simply deny class certification, and plaintiffs request the Court do so if the class definition is deemed

inappropriate.  *See Rawlings v. ADS Alliance Data Sys., Inc.*, 2015 WL 3866885, at *4 (W.D. Mo. June 23, 2015).  Therefore, the Court will redefine the proposed class as follows:

> persons who will in the future participate in or observe non-violent public demonstrations and/or who record such public demonstrations and/or police activities at the public demonstrations for the exercise of constitutional rights of free speech and assembly in the City of St. Louis.

Class definitions should avoid criteria that are subjective, but the terms "demonstration" and "non-violent" are objectively determinable descriptors of class members' behaviors which do not depend upon the state of mind of class members.  *See Multi-Ethnic Immigrant Workers Organizing Network*, 246 F.R.D. at 630; *Vietnam Veterans Against the War v. Benecke*, 63 F.R.D. 675, 679-80 (W.D. Mo. 1974).  It also ensures that any injunctive relief awarded will apply only to those protestors engaged in or observing non-violent activity and to those who lawfully record it.

Defendant's objection to the lack of a temporal time limit lacks merit.  The very nature of an injunctive class contemplates that there will be class members who can only be determined in the future and does not preclude certification.  *See, e.g., Postawko*, 910 F.3d at 1035-36 (affirming class including future inmates who will be diagnosed with HCV).  Plaintiffs have met their burden of demonstrating that the proposed class, as redefined, is adequately defined and ascertainable.

## Rule 23(a)'s Requirements

A.      Numerosity

Rule 23(a)(1) requires that the class be sufficiently numerous such that joinder of all members would be impracticable.  Rule 23(a)(1) "must be read liberally in the context of civil rights suits." *Ahrens v. Thomas*, 570 F.2d 286, 288 (8th Cir. 1978).  In assessing whether the numerosity requirement has been met, courts examine factors such as the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual claims.  *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).  Joinder of all members may be impracticable where the class includes individuals who may become members in the future but who are currently unidentifiable. *See Phillips v. Joint Legis. Committee on Performance and Expenditure Review of State of Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981) (finding that "joinder of unknown individuals is certainly impracticable").  "It is not necessary to specify an exact number or to prove the identity of each class member, rather the plaintiffs must only show a reasonable estimate of the number of class members."  *Halbach v. Great-West Life & Annuity Ins. Co.*, 2007 WL 1018658, at *3 (E.D. Mo. Apr. 2, 2007) (internal quotation marks and citation omitted).

Defendant does not challenge numerosity, and the Court finds that plaintiffs have met their burden of establishing that the numerosity requirement is met in this case. The evidence submitted to the Court demonstrates that hundreds of people participated in the protests and will likely do so in the future. The identity of these future protestors and observers is unknown, making joinder impracticable. "In such a case the requirement of Rule 23(a)(1) is clearly met . . . ." *Phillips*, 637 F.2d at 1022. Moreover, having each putative plaintiff file a separate suit would constitute a waste of judicial resources, as the trials would involve duplicative witnesses and evidence. For these reasons, the Court concludes the numerosity requirement has been satisfied.

B.    Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must show that their class claims "depend upon a common contention" that "is capable of class wide resolution," such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. But, commonality "'does not require that every question of law or fact be common to every member of the class . . . and may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'"

*Downing v. Goldman Phipps PLLC*, 2015 WL 4255342, at *4 (E.D. Mo. July 14, 2015) (quoting *Paxton*, 688 F.2d at 561). "[A] single common question will do for purposes of Rule 23(a)(2)." *Ebert v. General Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016) (internal quotation marks and citation omitted). The key inquiry is "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350.

Plaintiffs have met their burden of establishing that the commonality requirement is met in this case. Plaintiffs' claims for prospective injunctive relief present common questions of law and fact with respect to defendant's unconstitutional policies and practices relating to protests against the police, including the following: defendant's alleged custom or policy permitting any officer to declare an unlawful assembly in the absence of the force or violence requirement of St. Louis City Ordinance 17.16.275 and Mo. Rev. Stat. § 574.060, in violation of plaintiffs' first and fourth amendment rights; defendant's alleged custom or policy permitting officers to issue vague dispersal orders to protestors exercising their first amendment rights in an arbitrary and retaliatory way and then enforcing those dispersal orders without sufficient notice and opportunity to comply before subjecting plaintiffs to uses of force or arrest, in violation of the First and Fourth Amendment; defendant's alleged custom or policy of using chemical agents without warning on plaintiffs engaged in expressive activity that is

9

critical or police or against plaintiffs who are recording police in retaliation for the exercise of their first amendment rights, in violation of the First, Fourth, and Fourteenth Amendments; and defendant's alleged custom or policy of macing and using gratuitous force on plaintiffs who are recording police activity and/or voicing criticism of police and for no readily apparent, legitimate law enforcement purpose, contrary to official written policy regarding the recording of police activity set out in Special Order 1-06.  "While a putative class seeking damages for such claims might struggle to satisfy Rule 23(a)(2), a class certified under Rule 23(b)(2) seeking only injunctive and declaratory relief suffers no such difficulty." *Postawko*, 910 F.3d at 1038.

The commonality requirement is satisfied here because plaintiffs are challenging only the customs and policies of defendant relating to protests against the police and not any particular officer's treatment of any particular plaintiff.  *See, e.g., Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 797 (8th Cir. 2014) (certification proper because defendant had a specific company policy – the payment of K-code time for donning, doffing, and walking – that applied to all class members.); *In re Zurn*, 644 F.3d at 619 n.7 (evidence of a universal defect raised critical question common to all members of the certified classes).

Defendant argues that the commonality element is not satisfied because plaintiffs cannot demonstrate that the injury to future class members will be the

same.  The Eighth Circuit rejected this argument in *Postawko*, finding that it

mischaracterized the nature of plaintiffs' claims, which were based on exposure to

the same policy.  910 F.3d at 1038.  The "same injury" requirement requires only

that class members face a violation of their constitutional rights by the same

unlawful customs or policies, which is clearly present in this case, not that each

class member suffer identical resulting harm.  *Id.*  As in *Potawsko*, plaintiffs allege

the same constitutional injury, which is exposure to the same unconstitutional

policies and customs of defendant.  The Court finds that plaintiffs have met their

burden of establishing that the commonality requirement is met in this case.

C.    Typicality

       The typicality requirement is met when the claims or defenses of the

representative party are typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  The

requirement "is fairly easily met so long as other class members have claims

similar to the named plaintiff."  *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171,

1174 (8th Cir. 1995).  In determining typicality, courts consider whether the named

plaintiffs' claim "arises from the same event or course of conduct as the class

claims, and gives rise to the same legal or remedial theory."  *Alpern v. UtiliCorp*

*United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996).

       Plaintiffs have met their burden of establishing that the typicality

requirement is met in this case.  Plaintiffs' claims and the claims of putative class

members are for prospective injunctive relief only and based on the same policies and customs of defendant.  The named plaintiffs allegedly experienced the same harms as the putative class members, including exposure to chemical munitions without adequate warning or justification, arbitrary enforcement of ordinances and orders, and gratuitous and excessive uses of force in retaliation for the exercise of constitutionally protected rights, and those harms are typical of those allegedly suffered by the putative class as demonstrated by the evidence submitted at the preliminary injunction hearing.

Defendant contends that the typicality requirement is not satisfied because the named plaintiffs were subjected to the challenged policies and customs under varying circumstances and suffered different resulting harms.  This argument was rejected by the Eighth Circuit in *Postawko*, which emphasized that "'factual variations in the individual claims [for prospective injunctive and declaratory relief] will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory.'"  910 F.3d at 1039 (quoting *Alpern*, 84 F.3d at 1540). As plaintiffs' claims arise from the same events and course of conduct as the class claims and rely upon the same legal or remedial theory as the class claims, the typicality element is met in this case.

D.     Adequacy

Rule 23(a)(4) requires that the class representative and class counsel will "fairly and adequately protect the interests of the class."  The adequacy requirement is met where: "(1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously; and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge."  *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 458 (W.D. Mo. 2004) (internal quotation marks and citation omitted). This requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Defendant does not dispute that plaintiffs' counsel can adequately represent the putative class members, as proposed class counsel has extensive experience prosecuting complex civil rights class actions seeking prospective relief.  The Court also finds that the proposed class counsel will vigorously represent the plaintiffs in this action.  However, defendant challenges the adequacy of the named representatives, claiming that Ahmad engaged in unlawful activity while the others claimed only "observer status."  Defendant's arguments are without merit.  The proposed class representatives fall within the class as redefined by the Court.  As the named plaintiffs' interests are aligned with and not antagonistic to those of the

13

proposed class, the Court concludes that plaintiffs have met their burden of demonstrating that the adequacy of representation requirement is satisfied in this case.

Rule 23(b)(2)'s requirements

To certify the class, plaintiffs must also prove satisfaction of the Rule 23(b)(2) requirements: that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  Although a Rule 23(b)(2) class is not required to satisfy the additional predominance and superiority requirements of Rule 23(b)(3), "'the class claims must be cohesive.'"  *Ebert*, 823 F.3d at 480 (*quoting Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 143 (3d Cir. 1998)).  For purposes of 23(b)(2), cohesiveness requires that "the relief sought must perforce affect the entire class at once."  *Dukes*,  564 U.S. at 361-62.  In contrast, cohesiveness is lacking where "each individual class member would be entitled to a different injunction or declaratory judgment against the defendant."  *Id.* at 360 (alteration omitted). "Because one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights, the rule must be read liberally in the context of civil rights suits."  *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (internal quotation marks and citation omitted).

Here, plaintiffs are challenging defendant's implementation of and adherence to unconstitutional customs and policies relating to protest activity directed at police.  Plaintiffs allege that these customs and policies will continue to be applied to individuals in the future who participate, observe, or record this type of protest activity in traditional or designated public fora within the City of St. Louis.  As the putative class seeks only declaratory and prospective injunctive relief, "a single injunction or declaratory judgment would provide relief to each member of the class."  *Ebert*, 823 F.3d at 480 (internal quotation marks and citation omitted).

The case at bar is similar to the case *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*, 246 F.R.D. 621 (C.D. Cal. 2007), in which the district court certified a class of protestors challenging police customs and policies relating to protest activity.  In granting class certification, the court found that it was "patently obvious" that the defendants had "acted or refused to act on grounds generally applicable to the class" based on the protestors' allegations that the police had unconstitutionally declared an unlawful assembly and dispersed the protestors and had failed to adopt and implement policies to prevent the infringement of the protestors' constitutional rights.  *Id.* at 633.  The same is true in this case, and defendant does not dispute that plaintiffs have met the requirements of Rule 23(b)(2).  Plaintiffs have met their burden of demonstrating

that defendant has acted – and continues to act – on grounds generally applicable to the members of the putative class.  Therefore, plaintiffs satisfy Rule 23(b)(2)'s requirements.  Class certification is therefore appropriate.

Defendant's Remaining Arguments

Finally, defendant argues that class certification is inappropriate because it may have a preclusive effect in other pending actions for damages arising out of the protests at issue here.  This argument cannot defeat class certification as such a ruling is not one on the merits and therefore has no preclusive effect.  Any concerns regarding the preclusive effect that a final judgment in this case might have on other, later-filed cases is appropriately raised in those cases and is not an issue properly before this Court.

Conclusion

For the foregoing reasons, the putative class, as redefined, is appropriate for certification under Rule 23(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' second motion to certify class [110] is granted only as set forth above.

**IT IS FURTHER ORDERED** that named plaintiffs Maleeha Ahmad, W. Patrick Mobley, and Pamela Lewczuk are appointed as class representatives to represent the following class:

persons who will in the future participate in or observe non-violent public demonstrations and/or who record such public demonstrations and/or police activities at the public demonstrations for the exercise of constitutional rights of free speech and assembly in the City of St. Louis.

**IT IS FURTHER ORDERED** that Anthony E. Rothert, Jessie M. Steffan, and Omri E. Praiss of the American Civil Liberties Union of Missouri Foundation, 906 Olive Street, Suite 1130, St. Louis, Missouri 63101 and Gillian R. Wilcox of the American Civil Liberties Union of Missouri Foundation, 406 W. 34th St., Suite 420, Kansas City, Missouri 64111 are appointed as class counsel.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2019.