**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MALEEHA AHMAD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-2455-CDP |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF JOHN W. MCKERLEY

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admitted under Rule 702, 1) the expert testimony must be useful to the finder of fact in deciding the ultimate issue of fact, 2) the expert must be qualified to assist the finder of fact, and 3) the evidence must be reliable or trustworthy in an evidentiary sense. *Id*. Rule 702 is a rule "of admissibility rather than exclusion." *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991). Trial judges have "broad discretion in the matter of admission or exclusion of expert testimony and evidence." *United States v. Bartley*, 855 F.2d 547, 552 (8th Cir. 1988). Under the Supreme Court's standard expressed in *Daubert*, trial courts are "gatekeepers to 'insure that proffered expert testimony is both relevant and reliable.'" *Wagner v. Hesston Corp*. 450 F.3d 756, 758 (8th Cir. 2006) (quoting *Dancy v. Hyster Co*., 127 F.3d 649, 652 (8th Cir. 1997)). Evidence is relevant that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Daubert v. Merrell Dow Pharms., Inc*., 590 U.S. 579, 587 (1993). Finally, *Daubert* grants wide latitude to trial judges to conduct a reliability

assessment as to whether the reasoning or methodology underlying the testimony is valid and properly applicable to the issue. *Id*. at 592-93.

## ARGUMENT

I. **The Court should deny Defendant's motion to exclude as moot because, even though McKerley's expert testimony on the historical context of policing and on local restrictions on freedom of assembly would be useful, relevant, and reliable, and even though McKerley is highly qualified to offer such testimony, Plaintiffs do not intend to introduce either his report or testimony in this case.**

The historical context of restrictions on freedom of assembly in Missouri and St. Louis, and the history of the evolution of laws in Missouri and St. Louis regulating assemblies and expressive activity is relevant to the case at bar and helpful to the trier of fact. Plaintiffs alleged that Defendant's officers regularly declared protests unlawful assemblies and ordered protesters to disperse, even on occasions where the protest did not meet the ordinance definition of an unlawful assembly. Plaintiffs specifically alleged that the City has a custom or policy of enforcing city ordinances in an unconstitutional way. Defendant's conduct during recent protests did not happen within a vacuum, but rather, was the product of the historical development of policing in Missouri.

McKerley is a well credentialed expert, capable of providing testimony that draws on scientific, technical, or specialized knowledge within the field of history. He is particularly well qualified to offer well-reasoned opinions with a reasonable degree of certainty on nineteenth- and twentieth-century Missouri, the historic purposes of policing in St. Louis, state legislative history, and the rights (and disenfranchisement) of black Missourians. His testimony would illuminate why and how legislative and police tactics that seek to restrict assemblies and expressive activity came about in the City of St. Louis.

*Daubert* teaches that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking"

evidence. *Id*. at 596. However, because Plaintiffs will not introduce Mckerley's testimony or report, Defendant's Motion to Exclude is moot.

## CONCLUSION

Plaintiffs respectfully request the Court deny as moot Defendant's motion to exclude the testimony of John W. McKerley.

Respectfully submitted,
/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
American Civil Liberties Union of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
(314) 652-3112 (facsimile)
arothert@aclu-mo.org
jsteffan@aclu-mo.org

*Attorneys for Plaintiffs*