**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MALEEHA AHMAD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02455-CDP |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED CONSENT PROTECTIVE ORDER (ST. LOUIS COUNTY)**

IT IS HEREBY ORDERED THAT:

1. As used in this Order, **CONFIDENTIAL MATERIAL** shall mean and refer to the following:

Documents and records, reflecting St. Louis County law enforcement techniques, tactics, procedures, guidelines, or operational information for law enforcement activities, or other details relating to security systems or practices, or personnel records or other personally identifiable information.

2. The following information may be redacted under this Order:

(a) Highly sensitive techniques, tactics, procedures, guidelines, or operational information.

(b) Attorney-client privileged communications and attorney work product.

(c) Personnel information and private personally identifiable information including names of officers on duty during public protest activity occurring after issuance of

the findings and verdict in *State of Missouri v. Stockley*, No. 1622-CR02213-01, home addresses, personal e-mail addresses, home/cellular telephone numbers, social security numbers, emergency contact and family information, and dates of birth.

       (d)  Information that could be used to identify confidential informants.

    3.    If, after receiving material subject to this Order from which officer names have been redacted, a party articulates a reasonable basis for concluding that certain officers could provide information relevant to the claims in this lawsuit (based on their location and activities as shown in the material provided), the party that provided the redacted material will identify those officers to the parties, subject to the protections of this Order.  (The word "party" as used in this Order shall include both parties to this lawsuit and state agencies or offices providing information via subpoena response.)

    4.    A party's determination not to redact or inability to redact personally identifiable information from certain media does not result in losing confidential treatment.

    5.    All **CONFIDENTIAL MATERIAL** shall be retained only in the custody of counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Order.  Specifically, counsel of record shall retain all **CONFIDENTIAL MATERIAL** within the confines of his/her personal offices except as necessary to conduct the present litigation.

    6.    All **CONFIDENTIAL MATERIAL** and the facts and information in the **CONFIDENTIAL MATERIAL** shall not be disclosed to any person except as specifically provided for below.

    7.    All **CONFIDENTIAL MATERIAL** shall be designated as

**CONFIDENTIAL MATERIAL** by marking the words "**CONFIDENTIAL MATERIAL**" or some similar phrase on the face of the documents. All video and/or audio files to be provided by St. Louis County to the other parties are to be considered **CONFIDENTIAL MATERIAL**, regardless of whether or not a method of so designating these files on their face or otherwise is devised. No material shall be marked "**CONFIDENTIAL MATERIAL**" that would be open to the public pursuant to a request made under the Missouri Sunshine Law (Ch. 610, RSMo). If a party makes a designation of confidentiality, the other parties retain the right to contest by request or by motion to the court, whether or not the material is confidential.

8. Access to **CONFIDENTIAL MATERIAL** shall be limited to plaintiffs or defendant, counsel of record for the respective parties to this action, attorneys assisting them, and regular employees and law clerks of said counsel who are assisting in conducting this litigation, expert witnesses identified by any party, consulting experts, and appropriate court personnel in the regular course of litigation.

9. Disclosure of the **CONFIDENTIAL MATERIAL** to the plaintiffs or defendant and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform such persons of the terms of this Protective Order, and such persons must agree to be bound by its terms.

10. If **CONFIDENTIAL MATERIAL** is offered as an exhibit to a deposition or the substantive content of **CONFIDENTIAL MATERIAL** is discussed on the record in a deposition, this may be done so only in the presence of persons identified in paragraph 7 of

this Protective Order.  The court reporter shall be instructed to stamp or write the legend "CONFIDENTIAL" on all such exhibits and all transcript pages on which the substantive content of **CONFIDENTIAL MATERIAL** is discussed.  Such exhibits and transcript pages shall be covered by this Protective Order to the same extent as the original **CONFIDENTIAL MATERIAL**.

11. If it becomes necessary to submit **CONFIDENTIAL MATERIAL** to the Court in connection with any filings or proceedings in this litigation, the party using it shall move the Court to file such **CONFIDENTIAL MATERIAL** under seal with the Clerk of the Court.

12. Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

13. Disclosure of the **CONFIDENTIAL MATERIAL** does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

14. The production of privileged or work-product documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

15. The parties shall return any privileged material disclosed immediately upon

notice of the disclosure.

16. Upon final conclusion of this litigation, counsel or parties to whom **CONFIDENTIAL MATERIAL** has been disclosed shall return such **CONFIDENTIAL MATERIAL,** (and all copies thereof and all other papers containing such **CONFIDENTIAL MATERIAL**) to the party which produced it, or take measures to destroy copies of said **CONFIDENTIAL MATERIAL**. Without a motion by any party or an Order by this Court, each party shall ensure that this provision is complied with and shall file a certificate with this Court, served on the other side, stating that all documents were returned or destroyed in compliance with this Order.

17. This Order may be modified or amended by written agreement of the parties or upon further Order of the Court.

18. The termination of proceedings in this action shall not relieve any person to whom **CONFIDENTIAL MATERIAL** has been disclosed from the obligations of this Order, unless the Court orders otherwise.

So Ordered:

_____

Dated this _____ day of _____, 2019.