UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-2455-CDP |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM IN SUPPORT OF MOTION TO STAY

Defendant has moved to stay further proceedings in this cause

pending disposition of its pending appeals in the Court of Appeals.

Defendant does not seek to stay the preliminary injunction, and defendant

intends to continue to work diligently with plaintiffs to finalize discovery

herein, but defendant submits that a stay of any further proceedings other

than discovery is warranted until disposition of the appeals.

Counsel has conferred with counsel for plaintiffs but plaintiffs do not

consent to this motion.  Nevertheless, defendant submits that a stay is

warranted.

Defendant has appealed this Court's order denying defendant's motion

to dissolve and dismiss [doc. 159] to the United States Court of Appeals for

the Eighth Circuit. The appeal has been docketed as 8th Cir. No. 19-2062.

Plaintiffs have filed a motion to dismiss that appeal; defendant's response to

that motion has been filed.  The briefing schedule has been suspended

pending disposition of the motion to dismiss.

Defendant has also been granted permission from the Court of

Appeals to appeal this Court's class certification order [doc. 159] pursuant to

F.R.Civ.P. 23(f).  The appeal of the certification order is docketed as 8th Cir.

No. 19-2221.  The City's brief is currently due July 24, 2019; appellees' brief

is due 30 days after the appellant's brief is accepted, which (as things now

stand) would coincide with the commencement of trial.  See doc. 172-176.

Although allowance of an appeal under Rule 23(f) does not stay

proceedings automatically, defendant nonetheless submits that a stay of

proceedings is warranted under the standards enunciated by the Supreme

Court.  E.g., *Nken v. Holder,* 556 U.S. 418 (2009).

A crucial issue on both the 23(f) appeal and the appeal from denial of

the motion to dissolve is the plaintiffs' standing, a question which, as

presented by the petition to appeal, is intertwined with the §1983 "custom"

issue in this case.  While this Court has been unimpressed by the defendant's

arguments on that score, defendant submits that the grant of the 23(f)

petition, which was entirely discretionary with the Court of Appeals,

indicates that defendant has at least a fair chance of prevailing on appeal. Cf. *Prado-Steinman v. Bush,* 221 F.3d 1266 (11th Cir. 2000)(discussing the restrictive criteria for considering 23(f) appeals). Aside from the standing question, the City has also raised serious issues concerning the selection of the class representatives. Here, too, the City submits that it has raised substantial questions regarding the adequacy of the class representatives with a fair chance of success. This likelihood of success on appeal tips the scales in favor of the stay. See *Perrin v. Papa John's Int'l, Inc.*, 2014 U.S. Dist. LEXIS 10076 (E.D.Mo. 2014)(Fleissig, J.).

In addition to a likelihood of success on appeal, the City will suffer irreparable harm if the trial proceeds with a class certification that could be reversed; but plaintiffs will suffer no harm if the stay is granted. It would be manifestly unfair to force the City to submit to a trial when briefing in the Court of Appeals is not even complete, without knowing who the plaintiffs are, and with the prospect that the full ramifications of a judgment will not be perceptible until the Court of Appeals acts. Compare *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008)(stay of trial of plaintiff's individual claim stayed pending disposition of plaintiff's 23(f) appeal).

On the other hand, plaintiffs will suffer no harm from a stay. There will be no realistic threat to plaintiffs' rights if the status quo is maintained;

defendant does not seek to disturb the preliminary injunction during the pendency of the appeals; nor does defendant seek to prevent completion of discovery.  Indeed, the lateness of the class certification order in this cause is a reason to grant the stay of further proceedings:  normally, discovery can continue during a 23(f) appeal, but in this case, discovery is practically complete, and there will be no material disadvantage to plaintiffs from the delay of trial.

Finally, the public interest warrants a stay.  It would be a waste of resources by the parties and the Court to embark on trial on the merits when such a trial could prove wholly unnecessary, and indeed pointless.  The scope of the trial on the merits, unlike the hearing on the preliminary injunction--as shown by the exhibits filed in support of the motion to dissolve--will entail a mass of additional evidence from defendant:  police command officers,  possibly St. Louis County and State Highway Patrol officers, individual injured officers, and elected officials, including the Mayor, plus evidence relating to previous mass protest situations in the City. The parties, witnesses and the Court will invest this effort in vain if the Court of Appeals accepts defendant's arguments regarding plaintiffs' standing.

The Court always has the discretion to control its docket.  E.g., *Landis v. No. American Co.,* 299 U.S. 248 (1936).  The result of the appeals in this case will either terminate the litigation or provide this Court and the parties with authoritative guidance for resolution of the case on the merits. Awaiting disposition of the appeals is a prudent management option, given that judicial resources will be conserved and the rights of the parties are fully protected in the interim.   If stays are warranted for disposition of pending parallel proceedings, see generally *United States v. Michigan National Corp.,* 419 U.S. 1 (1974); *LaFoy v. Volkswagen Grp. of America, Inc.,* 2016 U.S.Dist. LEXIS 62208 (E.D.Mo. 2016), surely the parties should be relieved of the prospect of a trial on the merits in the middle of appellate briefing.

Conclusion

For the foregoing reasons, defendant's motion to stay should be granted.

Respectfully submitted,
JULIAN L. BUSH
CITY COUNSELOR

/s/ Robert H. Dierker
Robert H. Dierker 23671MO
Associate City Counselor
dierkerr@stlouis-mo.gov
Brandon Laird 65564MO
Associate City Counselor

Abby Duncan 67766MO
Assistant City Counselor
Megan Bruyns 69987MO
Assistant City Counselor
Amy Raimondo 71291MO
Assistant City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956