**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-cv-2455 CDP |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**Memorandum in Opposition to Defendant's Motion to Stay**

Plaintiffs oppose the City of St. Louis' motion to stay this case, ECF No. 186. All that remains is a trial, at which Plaintiffs' evidence will be the same regardless of whether the class is decertified. The motion should be denied.

**I.      Standard for stay pending Rule 23(f) appeal**

"Rule 23(f) provides that an 'appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.'" *McAllister v. St. Louis Rams, LLC*, No. 4:16-CV-172 SNLJ, 2018 WL 2180247, at *1 (E.D. Mo. Apr. 9, 2018) (quoting Fed. R. Civ. P. 23(f)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "The party seeking a stay pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest." *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982); accord *M.B. v. Corsi*, No. 2:17-CV-04102-NKL, 2018 WL 5504178, at *2 (W.D. Mo. Oct. 29, 2018). As the moving party, the City of St. Louis "bear[s] the burden to prove all four factors." *Twin Cities Galleries, LLC v. Media Arts Grp., Inc.*, 431 F. Supp. 2d 980, 983 (D. Minn. 2006).

1

In particular, "[t]he movant must show that it will suffer irreparable injury unless a stay is granted." *Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011).

In this case, which has been pending for nearly two years, Plaintiffs challenge customs and policies they allege are unconstitutional. Plaintiffs seek prospective relief only. Discovery is complete. The deadline for dispositive motions has passed. Plaintiffs' evidence at trial will be the same regardless of whether the class is ultimately decertified. Under these circumstances, the City cannot demonstrate the requsite irreparable harm absent a stay; indeed, the City cannot satisfy any of the factors it must show to obtain a stay.

## II.     The City cannot establish its burden for a stay

### A.  The City is not likely to prevail on appeal

The City is not likely to prevail on the merits of its Rule 23(f) appeal. The Eighth Circuit reviews certification of a class for an abuse of discretion, reviewing the district court's factual finding under a clearly erroneous standing. *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030, 1036–37 (8th Cir. 2018). This Court engaged in a rigorous analysis, as required by Rule 23. The City disagrees with the result of that analysis but provides no new argument beyond the observation that the Eighth Circuit granted its petition to appeal. ECF No. 187 at 2–3. This does not mean much. A Rule 23(f) application for appeal was allowed in *Postawko*, but the Eighth Circuit affirmed the certification of a class and not a single judge voted to rehear the case en banc. *See also Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 374 (8th Cir. 2018) (affirming certification of plaintiff class on Rule 23(f) appeal); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 620 (8th Cir. 2011) (same).

The City "merely repeat[s] the same arguments as those already considered and rejected by this Court when granting class certification. As with any appeal, the Eighth Circuit may

2

choose to disagree with this Court's conclusions on the merits of the certification issue, but this possibility does not make it <u>likely</u> that [the City] will succeed on the merits of [its] appeal." *In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-MD-2090, 2016 WL 6246758, at *2 (D. Minn. Oct. 25, 2016) (emphasis in original).[1] *See also Corsi*, 2018 WL 5504178, at *3 ("The Eighth Circuit's grant of leave to appeal from the class certification order suggests that Defendants have a *possibility* of succeeding on the appeal, but it does not make success likely.") (emphasis in original). Indeed, if the allowance of the petition to appeal were enough to justify a stay, then further order of a court would not be required by Rule 23(f). The City has not shown it is likely to prevail in its attempt to have the class decertified. In this case, however, the degree to which the City might be thought likely to prevail is less significant because it is not likely to be irreparably harmed absent a stay.

## B.  The City is not likely to be irreparably harmed

The City will not suffer irreparable harm absent a stay. The party seeking a stay must "demonstrate that irreparable injury is *likely* in the absence of [a] [stay]." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). It must be "more apt to occur than not." *In re Revel AC, Inc.*, 802 F.3d 558, 569 (3d Cir. 2015). Here, the City will not be harmed absent a stay.

The only harm the City suggests is that it would have to go to trial without knowing whether the class will be decertified. That is, of course, true in every Rule 23(f) appeal, so if it were sufficient to constitute irreparable harm it would always defeat the Rule's presumption that proceedings are *not* stayed. In this case, discovery is complete, so its course will not be altered if

---

[1] Arguments previously advanced in opposition to class certification are generally inadequate to demonstrate a likelihood of success on appeal from class certification. *See Garza v. Azar*, No. 17-CV-02122, 2018 WL 2561040, at *1 (D.D.C. Apr. 25, 2018).

3

the class is decertified. The deadline for dispositive motions has passed, so decertification would have no effect on whether this Court will dispose of the case without a trial. All that remains is trial.[2] Under these circumstances, courts routinely find that there is no basis to grant a stay. *See*, *e.g.*, *Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2015 WL 10662912, at *1 (E.D. Mo. Dec. 1, 2015) (denying motion to stay where "[d]iscovery [was] complete," because "[a] stay would require trial to be delayed, which would substantially prejudice Plaintiffs and the public interest in the speedy resolution of cases"); *Rosen v. J.M. Auto Inc.*, No. 07-CV-61234, 2009 WL 7113827, at *2 (S.D. Fla. May 20, 2009) (denying motion to stay because "discovery is complete and there is a possible safety issue that would make a stay contrary to the public interest").

Furthermore, the Supreme Court has long rejected the notion that having to defend a case at trial constitutes irreparable harm, remarking that "we do not doubt that the burden of defending this proceeding will be substantial[, b]ut the expense and annoyance of litigation is part of the social burden of living under government." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (internal quotation marks omitted). "'Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Id*. (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974).

Finally, regardless of whether the class is decertified, Plaintiffs are pursuing their claims for prospective relief on an individual basis and the evidence they present will be the same. *See Corsi*, 2018 WL 5504178, at *4 (finding no irreparable harm where plaintiffs stated that they "stand ready and willing to proceed with their individual claims for relief i[rr]espective of the

---

[2] Trial will be less daunting in this case because of the extensive preliminary injunction record. Evidence "received on [a] motion [for preliminary injunction] and that would be admissible at trial becomes part of the trial record." Fed. R. Civ. P. 65(a)(2).

4

Eighth Circuit's decision"); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1797, 2015 WL 9244638, at *5 (E.D. Pa. Dec. 17, 2015) (denying stay where plaintiffs indicated that they were prepared to proceed with their individual claims irrespective of the class certification issue on appeal). Plaintiffs have located no cases finding irreparable harm to stay a trial where an unconstitutional custom is alleged, discovery had been completed, and the plaintiffs were prepared to pursue their claims on an individual basis.

### C.  The balace of the harms and public interest militate against a stay

This case is scheduled for trial on August 26, 2019, less than eight weeks from now. While the City would suffer no harm if the case proceeded as scheduled (since Plaintiffs are prepared to try the case on individual basis if necessary), a stay would prejudice Plaintiffs. Indeed, "[a] threat to a constitutional right is generally presumed to constitute irreparable harm." *Corsi*, 2018 WL 5504178, at *5. Through discovery, investigations, and interviews, Plaintiffs have uncovered additional compelling evidence that demonstrates the existence of customs that they have challenged and that the City's highest-level policymakers have, at a minimum, acquiesced to the continuance of them. Plaintiffs are entitled to their day in Court to prove their claims and obtain a permanent injunction providing different and perhaps broader relief than was appropriate for a preliminary injunction.

The City believes that the public interest favors a stay because, in the City's opinion, a trial would be a waste of recources. This view overlooks that Plaintiffs will pursue their claims for prospective relief on an individual basis and that the evidence they present will be the same. In the ordinary course, appeals follow final judgments and trials do not wait for piecemeal review of legal claims on an interlocutory basis. While it is possible the Eighth Circuit could decertify or redefine the class, it would be extraordinary for that court to somehow reach the

5

merits of all of Plaintiffs' claims. If the court were to do so, it is in the interest of the public and the parties that there be a complete record, as will be afforded by the trial. Moving forward as scheduled will not waste resources more than any trial.

The City ignores the public interest in an expeditious resolution of this case. *See*, *e.g.*, *Corsi*, 2018 WL 5504178, at *7 ("there is no dispute that the public has an interest in the prompt resolution of this case"). As a result, "[t]he prospect of a delay of more than a year" until the Eighth Circuit rules on the Rule 23(f) petition "only underscores the risk of harm to Plaintiffs in the absence of expedient litigation." *Id. See also McAllister*, 2018 WL 2180247, at *1 (finding, in a case that had been pending for two year, "the interests of other parties and the public lies in continuation of the litigation . . . and the prompt administration of justice may be unnecessarily compromised if this matter is stayed"); *In re Wholesale Grocery Prods. Antitrust Litig.*, 2016 WL 6246758, at *2 (finding that public interest did not support stay because "the appeal process would likely take nearly a year or more before a final ruling is reached").

The ability to secure witnesses and the freshness of their memories fade with time. Moreover, the public has a strong interest in learning the truth about what is alleged in the complaint and a timely remedy to bring the City into compliance with the Constitution. A stay for the duration of a Rule 23(f) is not a modest delay. *See, e.g.*, *Stuart v. State Farm Fire*, No. 16-8017 (8th Cir. Sept. 29, 2016) (granting permission to appeal); *Stuart v. State Farm Fire*, No. 16-3782 (8th Cir. Feb. 5, 2019) (issuing mandate affirming class certification) (total delay of 860 days); *Postawko v. Mo. Dep't of Corr.*, No. 17-8026 (8th Cir. Sept. 20, 2017) (granting permission to appeal); *Postawko v. Mo. Dep't of Corr.*, No. 17-3029 (8th Cir. Jan. 28, 2019) (issuing mandate affirming class certification) (total delay of 496 days); *M.B. v. Corsi*, No. 18-8009 (8th Cir. Aug. 22, 2018) (granting permission to appeal); *M.B. v. Corsi*, No. 18-2798 (8th

6

Cir.) (pending ruling on Rule 23(f) appeal) (total delay of 316 days and counting); *In re Zurn Pex*, No. 10-8016 (8th Cir. June 8, 2010); *In re Zurn Pex*, No. 10-8016 (8th Cir. Oct. 21, 2011) (total delay of 500 days). The balance of harms and public interest do not support holding the trial in abeyance for so long under the circumstances of this case.

For all these reasons, the Court should deny the City's motion to stay.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Omri E. Praiss, #41850MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org
opraiss@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
ACLU of Missouri Foundation
(816) 470-9938
gwilcox@aclu-mo.org
*Attorneys for Plaintiffs*