UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 2455 CDP |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to stay this case pending appeal. Plaintiffs oppose the motion and the issues are fully briefed. On May 7, 2019, I granted plaintiffs' motion for class certification. [Doc. # 157]. On May 15, 2019, I denied defendant's motion to dismiss and to dissolve the preliminary injunction entered in this case on November 15, 2017. [Doc. # 159]. Defendant appealed both of these orders to the Eighth Circuit Court of Appeals. Defendant sought permission to appeal the decision regarding class certification under Fed. R. Civ. P. 23(f). The Eighth Circuit granted permission to appeal on June 14, 2019. [Doc. # 172]. However, defendant did not need to seek permission to appeal the Order denying the motion to dismiss and to dissolve the preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). The appeals have been consolidated.

[Doc. # 190-1].  Defendant's consolidated brief must be filed with the Eighth Circuit by July 24, 2019.  [Doc. # 190-1].

This case is currently set for a bench trial beginning August 26, 2019.  The discovery and dispositive motion deadlines have passed and initial pre-trial submissions are due by August 6, 2019.  Defendant moves to stay this case pending the outcome of the appeal on the ground that the Eighth Circuit could decide that plaintiffs lack standing to pursue this case, thereby rendering any decision this Court may reach on the merits of plaintiffs' case moot.  Defendant also submits that forcing it to trial now when the class could be decertified would subject it to irreparable harm and constitute a waste of resources by the parties and the Court.  Importantly, defendant does not request to stay the preliminary injunction, which would remain in place pending disposition of the appeal. Plaintiffs oppose the stay, contending that defendant would not be unduly prejudiced if forced to go to trial now.  Plaintiffs argue that they still intend to pursue their claims on an individual basis even if the class is ultimately decertified and the evidence they submit will remain largely the same whether or not the claims proceed on a class-wide basis.

Federal Rule of Civil Procedure 23(f) applies to interlocutory appeals of class certification orders.  It provides that an "appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.*  In

determining whether to issue a Rule 23(f) stay, courts typically consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See McAllister v. St. Louis Rams, LLC*, 2018 WL 2180247, 4: 16 CV 262 SNLJ, at *1 (Apr. 9, 2018). It is less than clear that this standard applies to interlocutory appeals taken under 28 U.S.C. § 1292(a)(1). *See Association of Equipment Manufacturers v. Burgum*, 2018 WL 1773145, at *1 (D.N.D. Mar. 3, 2018). In either case, however, a stay of proceedings pending the outcome of an interlocutory appeal undoubtedly "falls within the inherent power of a court to manage its docket." *Id.* A district court has broad discretion to stay proceedings when appropriate to control its docket, conserve judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants. *Id.* The consideration to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal quotation marks and citation omitted).

After consideration of all the relevant factors, the Court concludes that a stay of proceedings pending disposition of appeal is appropriate. Although the Court disagrees with defendant on the merits of its standing argument, if it is successful

on appeal then this case must be dismissed.  Staying the bench trial pending appeal conserves judicial resources and prevents the parties from incurring potentially needless and substantial litigation expense.  Even if the case is not dismissed for lack of standing, the appellate court could conclude that class certification is not appropriate.  Although the Court understands plaintiffs' position with respect to the evidence they intend to present, the legal landscape could nevertheless be dramatically altered if this case proceeds solely on the individual claims of the named plaintiffs.  Given that plaintiffs seek only prospective injunctive relief, such a ruling could also impact how the defendant chooses to defend itself in this case.  Although plaintiffs cite the passage of time as a factor weighing in favor of denying the stay, plaintiffs admit that much of their evidence will consist of that already presented to the Court in the preliminary injunction hearing.  Moreover, discovery is complete.  Plaintiffs do not cite any impediment to their ability to effectively prepare for trial if proceedings are stayed pending appeal.  Instead, the parties will have the ability to more effectively present their evidence and arguments to the Court once the appellate court decides the issues on appeal.  Finally, as defendant is not requesting a stay of the preliminary injunction the Court concludes that plaintiffs' interests and the public's interest will be protected during the stay.

    Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to stay [186] is granted as follows: **this case is removed from the August 26, 2019, trial docket and will be reset, if necessary, by further Order of this Court.  All deadlines relating to pre-trial compliance set out in the Case Management Order [Doc. #81] are stayed and will be reset by further Order of this Court.  All proceedings in this case are stayed pending disposition of defendant's consolidated appeal with the Eighth Circuit Court of Appeals, except that the Order of Preliminary Injunction entered November 15, 2017 [58] is not stayed and remains in full force and effect.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2019.