IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-cv-2455 CDP |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**Memorandum in Support of Motion to Vacate Stay**

On July 12, 2019, this Court granted Defendant's motion to stay proceedings pending its interlocutory appeals to the Eighth Circuit. ECF No. 191. The stay was granted over the opposition of Plaintiffs, who were prepared to prosecute their case on the merits as scheduled on August 26, 2019. ECF No. 189. Defendant and this Court both relied on the fact that Defendant did <u>not</u> seek to stay the preliminary injunction as a support for the conclusion that Plaintiffs would not be prejudiced by a stay. ECF Nos. 187, 191.

On April 27, 2021, a panel of the Eighth Circuit issued an opinion and judgment in Defendants' appeals, which had been consolidated. ECF No. 195. The panel majority directed that upon remand a final judgment be entered no later than October 31, 2021. *Id*. Furthermore, the panel majority determined that the preliminary injunction must be vacated if the majority's deadline is not satisfied. Although the time for the filing of petitions for rehearing has not expired, because of the compressed time frame and the harm to Plaintiffs and the public if the preliminary injunction lapses without permanent relief in place, the stay should be lifted immediately.

1

This Court has retained jurisdiction. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) ("an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal"); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) ("appeal from [an interlocutory order] does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal"). Indeed, "[a]n appeal [under Rule 23(f)] does not stay the proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). Proceedings are stayed in this case only because this Court so ordered, not because this Court lost jurisdiction.

The equitable concerns that occasioned entry of the stay are no longer present, and the prospect of dissipating interim relief introduces a new risk of harm to Plaintiffs and the public. Plaintiffs and the public maintain a strong interest in prompt resolution of this case prior to the expiration of the preliminary injunction. While Plaintiffs were prepared for the previously scheduled trial, an immediate lift of the stay will enable both parties to adequately prepare for a new trial date. This Court has the inherent power to control its docket and to ensure that each case is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936). Thus, consideration of a stay requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party in favor of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255; *accord Jones v. Clinton,* 72 F.3d 1354, 1364 (8th Cir.1996).

Defendant advanced two reasons for a stay, which no longer apply. First, Defendant opined that the Court of Appeals might find Plaintiffs lack standing and, thus, direct that the case be dismissed. Second, Defendant contended that the Court of Appeals might determine that this matter cannot proceed as a class action, a finding which could alter how the parties present their cases at trial. Neither concern has come to pass. The panel rejected Defendant's contention that the case must be dismissed for lack of standing and "vacate[d] the class certification order without prejudice to plaintiffs renewing their request after a final order has been entered on their claim for permanent injunctive relief, at which point the district court can better assess whether a Rule 23(b)(2) class is appropriate and necessary to afford proper equitable relief." As a result, this matter will proceed to trial on Plaintiffs' request for permanent relief and this Court can consider class certification *after* trial.

For all these reasons, this Court should vacate the stay.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Omri E. Praiss, #41850MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org
opraiss@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
ACLU of Missouri Foundation
(816) 470-9938
gwilcox@aclu-mo.org
*Attorneys for Plaintiffs*

3