METROPOLITAN POLICE DEPARTMENT – CITY OF ST. LOUIS
OFFICE OF THE CHIEF OF POLICE
SPECIAL ORDER

| | | | |
|---|---|---|---|
| **Date Issued:** | November 6, 2013 | **Order No.:** | SO 1-06 |
| **Effective Date:** | November 6, 2013 | **Expiration:** | Indefinite |

**Reference:**

**CALEA Standards:**

**Cancelled Publications:**

**Subject:**  RECORDING OF POLICE ACTIVITY

**To:**  ALL BUREAUS, DISTRICTS AND DIVISIONS

PURPOSE:   This policy provides officers with guidance for dealing with situations in which they are being recorded, to include videotaping, audio-taping, or both, by members of the public or the media.

By Order of:

*D. Samuel Dotson*

D. SAMUEL DOTSON
Colonel
Chief of Police



METROPOLITAN POLICE DEPARTMENT – CITY OF ST. LOUIS
OFFICE OF THE CHIEF OF POLICE
SPECIAL ORDER

| | | | |
|---|---|---|---|
| **Date Issued:** | November 6, 2013 | **Order No.:** | SO 1-06 |
| **Effective Date:** | November 6, 2013 | **Expiration:** | Indefinite |

**Reference:**

**CALEA Standards:**

**Cancelled Publications:**

**Subject:**          RECORDING OF POLICE ACTIVITY

**To:**               ALL BUREAUS, DISTRICTS AND DIVISIONS

PURPOSE: This policy provides officers with guidance for dealing with situations in which they are being recorded, to include videotaping, audio-taping, or both, by members of the public or the media.

POLICY: It is the policy of the St. Louis Metropolitan Police Department to ensure the protection and preservation of every person's Constitutional rights.

Members of the public, including media representatives, have an unambiguous First Amendment right to record officers in public places, as long as their actions do not interfere with the officer's duties or the safety of officers or others. SLMPD employees will not prevent or prohibit any person's ability to observe, photograph, and/or make a video recording (with or without simultaneous audio recording) of police activity that occurs in the public domain so long as the person's location, actions and/or behavior do not create a legitimate, articulable threat to Officer safety, or an unlawful hindrance to successful resolution of the police activity.

A.  DEFINITIONS

   1. *Media:* The storage source for visual or audio recordings, whether by film, analog, or digital means.

   2. *Photographing:* The act of capturing and storing a still image, whether in an electronic/digital format, or on any type of light sensitive film (e.g., traditional 35mm film).

   3. *Recording:* Capturing of images, audio, or both, by means of a video camera, cell phone, audio recorder, or other device.

   4. *Video Recording:* The act of capturing a series of images that, when replayed in succession, reproduce a sequence of activities in motion. Video recordings may be stored on a length of light-sensitive film, a videotape cassette, or in a digital format (e.g., removable memory card), and may or may not contain a simultaneous audio recording.

   5. *Video Recording Device:* For the purposes of this Order, a Video Recording Device includes, but is not limited to, any device capable of capturing a still or moving image(s), regardless of whether or not a simultaneous audio recording is included. Examples may include any of the following devices:

SO 1-06

    a. A cellular telephone of any make, model, or manufacturer, including those devices referred to as "Smart Phones;"
    b. A Personal Digital Assistant, also known as a Personal Data Assistant or PDA;
    c. A tablet style mobile computer, commonly referred to as a "tablet," such as an Apple iPad or a BlackBerry; or
    d. Any camera, whether still-photo and/or video, of any make, model, or manufacturer regardless of whether or not the device is capable of capturing a simultaneous audio recording, and regardless of how the device stores the images it captures.

### B. GENERAL INFORMATION

1. Persons who are lawfully in public spaces or locations where they have a legal right to be present—such as their home, place of business, or the common areas of public and private facilities and buildings—have a First Amendment right to record things in plain sight or hearing, to include police activity. Police may not threaten, intimidate, or otherwise discourage or interfere with the recording of police activities. Officers should assume that they are being recorded at all times when on duty in a public space.

2. As a result, officers must understand that any bystander has an absolute right to photograph and/or video record the enforcement actions of any Police Officer so long as the bystanders actions do not:

    a. Place the safety of the bystander, or of any Police Officer(s), witness(es), victims(s), or suspect(s), in jeopardy;

    b. Hinder the execution or performance of an Officer's official duties;

    c. Interfere with or violate any law, ordinance or code, criminal or traffic;

    d. Obstruct police actions while engaging in a recording. For example, individuals may not interfere through direct physical intervention, tampering with a witness, or by persistently engaging an officer with questions or interruptions. The fact that recording and/or overt verbal criticism, insults, or name-calling may be annoying, does not of itself justify an officer taking corrective or enforcement action or ordering that recording be stopped, as this is an infringement on an individual's right to protected speech;

    e. Unreasonably impede the movement of emergency equipment and personnel or the flow of vehicular or pedestrian traffic; or

    f. Attempt to incite an immediate breach of the peace or incite others to commit a violation of the law.

### C. ARREST

1. Persons who violate the foregoing restrictions should be informed that they are engaged in prohibited activity and given information on acceptable alternatives, where appropriate, prior to making an arrest.

2. Arrest of a person who is recording officers in public shall be related to an objective, articulable violation of the law unrelated to the act of recording. The act of recording does not, in itself, provide grounds for detention or arrest.

### SO 1-06

3. Arrest of an individual does not provide an exception to the warrant requirement justifying search of the individual's recording equipment or media. While equipment may be seized incident to an arrest, downloading, viewing, or otherwise accessing files requires a search warrant. Files and media shall not be erased under any circumstances.

D. CONFISCATON OF RECORDING DEVICES AND MEDIA

1. Recording equipment may not be confiscated unless the recording party is arrested, and the recording is to be held as evidence for the crime in which the recording party was arrested. Additionally, officers may not order an individual to show recordings that have been made of enforcement actions or other police operations.

2. Nothing in this Order should be construed by Officers as an elimination of their ability to seek out, collect, or otherwise gather evidence in the course of a criminal investigation. If an Officer has probable cause to believe that a bystander is in possession of any still photographs/images, video recordings, and/or audio/sound recordings that are, or could reasonably be considered evidence related to a crime and/or the identification of a person involved in a crime, the officers should:

   a. Advise and receive instructions from a supervisor.

   b. Ask the person in possession of the recording if he or she will consent to voluntarily and temporarily relinquish the recording device or media so that it may be viewed and/or copied as evidence.

   c. In exigent circumstances, in which it is reasonable to believe that the recording will be destroyed, lost, tampered with or otherwise rendered useless as evidence before a warrant can be obtained, the recording device or media may be confiscated under a temporary restraint. A warrant must be obtained in order to examine and copy the recording and the chain of custody must be clearly documented per department policy.

   d. In exigent situations where it is objectively reasonable to believe that immediate viewing of recordings is necessary to prevent death or serious bodily harm of another before a warrant can be authorized, the recording device or media may be confiscated and viewed.

   e. Whenever a recording device or media is seized without a warrant or obtained by consent, the seized item shall be held in police custody no longer than reasonably necessary for the police, acting with due diligence, to obtain a warrant. The device must be returned at the earliest possible time and its owner/operator given instruction on how it can be retrieved. In all cases property receipts shall be provided to the owner.

3. Supervisory Responsibilities

   A supervisor should be summoned to any incident in which an individual recording police activity is going to be, or will most likely be, arrested or when recording equipment may be seized without a warrant or lawful consent.

DSD/klh/wcw
251-13-00112