# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MALEEHA AHMAD, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:17-cv-2455 MTS |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| Defendant. | ) |

## CONSENT JUDGMENT

This matter comes before the Court on the joint motion of Plaintiffs, Maleeha Ahmad, W. Patrick Mobley, and Pamela Lewczuk, and Defendant, City of St. Louis, Missouri, for approval of consent judgment. For the purpose of settlement, and without any admission of liability, unlawful conduct, or wrongdoing, Plaintiffs and Defendant have agreed that this consent judgment is in the best interests of the Plaintiffs, the Defendant, and the community, and that this consent judgment will enhance the vital need for public confidence in the Defendant's Division of Police and will have the effect of promoting Defendant's commitment to protecting the constitutional rights of all persons engaged in peaceful expressive activity within the City of St. Louis. Plaintiffs and Defendant agree that this Consent Judgment is intended to apply for the benefit of all members of the public as third-party beneficiaries of the prospective relief provided herein. In consideration of this consent judgment, Plaintiffs herein expressly waive any claim for damages by reason of any allegations of the amended complaint.

Accordingly, the Court now enters said judgment as follows:

1

**IT IS HEREBY ORDERED** that, by consent, the class allegations are stricken from the amended complaint herein; and

**IT IS HEREBY FURTHER ORDERED** that the City of St. Louis and its officers, agents, servants, and employees, as well as other persons who are in active concert or participation with the City of St. Louis or its officers, agents, servants, or employees, are enjoined from enforcing or threatening to enforce any rule, policy, or practice that grants the police the authority or discretion to:

1. Enforce or threaten to enforce any ordinance of the City of St. Louis for the purpose of punishing persons for exercising their constitutional rights to engage in expressive activity;

2. Use or threaten to use chemical agents, including, but not limited to, mace/oleoresin capsicum spray or mist/pepper spray/pepper gas, tear gas, skunk, inert smoke, pepper pellets, xylyl bromide and similar substances (collectively "chemical agents"), whatever the method of deployment, against any person engaged in expressive, non-violent activity in the City of St. Louis in the absence of probable cause to arrest the person and without first issuing clear and unambiguous warnings that the person is subject to arrest and such chemical agents will be used and providing the person sufficient opportunity to heed the warnings and comply with lawful law enforcement commands as authorized in paragraph 3 below;

3. Issue orders or use chemical agents, whatever the method of deployment, for the purpose of dispersing person(s) engaged in expressive, non-violent activity in the City of St. Louis that is in contravention of law without first:

    a. specifying with reasonable particularity the area from which dispersal is ordered;

    b. issuing audible and unambiguous orders in a manner designed to notify all persons within the area that dispersal is required;

    c. providing sufficient warnings of the consequences of failing to disperse, including, where applicable, that chemical agents will be used;

    d. providing a sufficient and announced amount of time of not less than five minutes after the issuance of the dispersal order in which to heed the warnings and exit the area;

    e. announcing and ensuring a means of safe egress from the area that is actually available to all person(s); and

    f. stating that the refusal to disperse will subject them to arrest; or

4. Use or threaten to use chemical agents, whatever the method of deployment, against any person engaged in expressive, non-violent activity in the City of St. Louis, for the purpose of punishing the person for exercising constitutional rights;

5. Declare an unlawful assembly in cases involving persons engaged in constitutionally protected expressive activity only with the express permission and approval of the Police Commissioner, the Assistant Commissioner, or the designated incident commander (who shall hold the rank of Captain or above or is the lieutenant in command of CDT).

6. *Provided*, however, that paragraphs 2 and 3 above shall not apply to situations where law enforcement officials must defend themselves or other persons or property against imminent threat of violence or must clear a means of ingress or egress to

3

a hospital, police station, fire station, or other public safety installation to allow immediate access to police, fire or other emergency personnel; and *provided further,* that "dispersal" as used herein shall mean to break up in random fashion so as to cease functioning as a unit or assembly; and

**IT IS HEREBY FURTHER ORDERED** that City of St. Louis shall provide and require training on the contents of this Consent Judgment as well as Special Order 1-06, Recording of Police Activity, dated November 6, 2013, or its equivalent successor order or regulation as follows:

1. The contents and an explanation of this Consent Judgement shall be published to all City of St. Louis police officers within sixty days of this Consent Judgment and the officers shall be provided an opportunity to raise questions or concerns regarding the Consent Judgment and their obligations pursuant to it.

2. Initial training on the requirements of this Consent Judgment as well as Special Order 1-06 shall be completed within 30 days of the date hereof, utilizing the SLMPD "PASS" system; in-person training on the requirements of this Consent Judgment for officers of the rank of lieutenant and above shall be completed within 90 days of the date hereof.

3. Annual in-service training on the requirements of this Consent Judgment and Special Order 1-06 shall be completed as part of the regular in-service training conducted through the Police Academy for all officers.

4. Police Officer trainees shall be instructed of the requirements of this Consent Judgment and Special Order 1-06 as part of basic training; and

4

**IT IS HEREBY FURTHER ORDERED** that, in addition to training with regard to the terms of this Consent Judgment, Defendant shall include in Police Academy training the following measures to ensure that all Division of Police personnel respect the First Amendment rights of all persons, including, but not necessarily limited to:

1. Training regarding the First Amendment rights of all persons, including:

    a. The right to observe and record officers in the public discharge of their duties in all traditionally public spaces, including sidewalks, parks, and locations of public protests, as well as any other areas where individuals otherwise have a legal right to be present, including an individual's home, vehicle, or business and common areas of public and private facilities and buildings;

    b. The right to criticize or complain about police conduct without being subject to retaliation; and,

    c. The right to engage in public protest that does not violate state or federal law.

2. Training to address what conduct is considered "obstruction" or "interference," with specific examples, to ensure that Division of Police officers do not unreasonably claim that an individual's presence amounts to the offense of obstructing traffic or interfering with a law enforcement officer, or otherwise violates the law.

3. Training to ensure that Division of Police officers permit any individual to record officer activity by camera, video recorder, cell phone recorder, or any other means, except when there is a clear threat to the safety of officers, victims, or other persons, and to ensure that officers understand that the use of a recording device during a police encounter shall not in itself be considered a threat to officer safety and thus shall not be a

5

basis to require a person to refrain from recording or to put away his or her recording device, as long as the person recording is in a lawful location at a reasonable distance from the officer and any victim or arrestee; and

**IT IS HEREBY FURTHER ORDERED** that the Division of Police shall require all officers assigned to policing persons engaged in expressive activity (including but not limited to CDT and bicycle officers), to visibly display their identification which may include name, DSN, or designated call sign (a unique identifier assigned exclusively to an individual officer for purposes of radio communication during assigned duties), and local law enforcement affiliation as part of the uniform. Supervisors shall inspect personnel at roll call prior to deployment of CDT or other units to ensure that officers under their command are complying with this requirement. An officer's repeated failure to display such identification without justification or a supervisor's repeated failure to inspect the display of identification of officers under his or her command will require an investigation and may result in discipline; and

**IT IS HEREBY FURTHER ORDERED** that the Division of Police shall, within 90 days of the date hereof, make publicly available on-line all policies, procedures, special and temporary orders, and police manuals, consistent with the Missouri Sunshine Law, §610.010, *et seq.*, that pertain to use of force, including use of chemical munitions or chemical agents, and to policing of parades, protests, demonstrations, or assemblies; provided, that nothing herein shall require publication of information pertaining to specific tactics to be used with respect to past or future events such as execution of search or arrest warrants or control of specific parades, protests, demonstrations, or assemblies;

6

**IT IS HEREBY FURTHER ORDERED** that this Consent Judgment may be modified pursuant to Federal Rule of Civil Procedure 60(b) and that for purposes of Rule 60(b)(5) and (6) the repeal of, passage of, or amendments to any ordinance, rule, or policy pertinent to this Consent Judgment may constitute grounds for seeking relief from judgment, including modification to or vacatur of this Consent Judgment; and

**IT IS HEREBY FURTHER ORDERED** that the preliminary injunction bond is discharged, and the parties shall file a notice within fourteen days of entry of this Consent Judgment indicating whether they have reached an agreement regarding attorneys' fees and costs and, if no agreement is reached, Plaintiffs shall file their motion for attorneys' fees and bill of costs no later than twenty-eight days after entry of this Consent Judgment; and

**IT IS HEREBY FURTHER ORDERED** that this Court retains jurisdiction to enforce this Consent Judgment until its expiration; and

**IT IS HEREBY FINALLY ORDERED** that this consent judgment shall terminate on a date not later than five years from the date hereof, unless extended by agreement of the parties or by order of Court for good cause shown, but no single court-ordered extension shall exceed two years.

For Plaintiffs:

_____
Maleeha Ahmad

_____
W. Patrick Mobley

For Defendant:

_____
John Hayden, Commissioner
Division of Police

_____
Matt Moak, City Counselor

7

_____  
Pamela Lewczuk

_____  
Anthony Rothert  
ACLU of Missouri Foundation  
Attorney for Plaintiffs

_____  
Robert H. Dierker  
Associate City Counselor  
Attorneys for Defendant

SO ORDERED: _____  
United States District Judge

Dated: August 9, 2021

8